■ AGNES M. ALEXANDER, Appellant, v ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: The sole issue in this article 78 proceeding is whether the respondent has the authority to require that a court order be certified by the clerk of the court before complying with its direction to issue an amended birth certificate. Petitioner's daughter, Ruthgenia Venira Green, was born to petitioner and her husband, Willie James Alexander, while he was using an assumed surname of "Green". In an earlier ex parte proceeding, Special Term directed respondent to amend the child's birth certificate to reflect her proper surname and to issue an amended birth certificate in the name of Ruthgenia Venira Alexander. Petitioner's attorney, pursuant to CPLR 2105, certified a copy of the order and submitted the copy thus certified to respondent. Respondent refused to issue the amended birth certificate without certification of the order by the clerk of the court. Special Term dismissed the petition to compel issuance of the amended birth certificate, and we agree. Petitioner's reliance upon CPLR 2220 (subd [b]) and CPLR 2105 is misplaced. We are not concerned here with service of a copy of an order upon a party in an action, nor are we asked to rule upon a case where a certified copy of a paper is required by law. The issue concerns the discretionary power of respondent to determine what constitutes "notification" or "proper proof" under section 4138 (subd 2, par [b]) of the Public Health Law. While statutory construction is the function of the courts, specific application of broad statutory terms by the agency responsible for the administration of the statute "if not irrational or unreasonable, should be upheld" (Matter of Howard v Wyman, 28 NY2d 434, 438). In view of the nature of the records under the control of respondent, we find that his determination has a rational basis and is not arbitrary or capricious. (Appeal from judgment of

Monroe Supreme Court—art 78.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.