In the Matter of the Application of MILDRED RAMEY, Owner of Stock of CLUB BEACHCOMBERS, INC., Petitioner, for an Order against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority, Respondents.

Supreme Court, Special Term, New York County, April 14, 1942.

*Deane Ramey*, for the petitioner.

*Francis V. McHugh*, for the respondents.

SHIENTAG, J. This is an application under article 78 of the Civil Practice Act for an order to compel the State Liquor Authority to approve of the sale and transfer of the stock of a corporation and to give recognition to a composition agreement entered into between the corporation and certain of its creditors.

The petitioner herein owned the stock of the relator corporation, which was the holder of a restaurant liquor license. In November and December, 1941, when the corporation failed to make payments for liquor delivered to it as required by section 101-a of the Alcoholic Beverage Control Law, it was placed upon the respondent's delinquent list. Subsequently, in the early part of January, 1942, the corporation entered into an agreement with

thirteen of its eighteen creditors whereby the creditors agreed to accept in full payment of the unpaid balances twenty per cent of the face amount of such unpaid balances. The remaining creditors were later paid off and do not enter into the picture.

On January 22, 1941, the petitioner executed an agreement transferring the stock of the corporation to certain parties not present in this action. The transferees undertook to perform the obligations imposed upon the corporation by the terms of the composition agreement and the transfer was made subject to the approval of the respondent. On February 28, 1942, the corporation's liquor license expired. The respondent had not approved the transfer of stock by this date, and, in order to secure the renewal of the license, the corporation agreed to pay all of the creditors in full by March 10, 1942, but specifically reserved the right to apply to the court for relief on the basis of the composition agreement entered into with its creditors. The corporation did not make payments in full. The respondent has refused to approve of the sale of stock unless the creditors are fully paid, and petitioner instituted this proceeding on March 19, 1942, to require the respondent to approve of the transfer and in so doing to accept the composition agreement.

The sole objection of the respondent to approving the transfer is that the composition agreement which the transferees undertook to perform did not constitute " payment in full," as required by subdivision 7-a of section 101-a of the Alcoholic Beverage Control Law for renewal of a license. The statute does not define " payment in full " in any way. Section 122 provides, in effect, that a proceeding in bankruptcy or an assignment for the benefit of creditors constitutes " payment in full " since it permits the receiver or assignee to continue the business under the original license. This section, however, does not purport to restrict the meaning of " payment in full " nor can it be interpreted as providing that a business cannot be continued after some other form of agreement with the creditors whereby they accept less than the entire sum owed as payment in full.

Under the circumstances there is no reason why a *bona fide*, legitimate composition with creditors does not constitute " payment in full " of their claims just as well as a proceeding in bankruptcy or an assignment for the benefit of creditors. There is no suggestion that the composition involved here does not meet this test.

Under the provisions of section 101-a the Liquor Authority may require full disclosure of the terms of composition agreements and can thereby prevent any arrangements whereby manufacturers

or distributors gain control of retail licensees. Since the Liquor Authority requires complete reports on defaults in payments, and since section 122 requires the Authority to pass on the right of receivers or assignees to continue the business, this will not place an additional burden on the Liquor Authority.

After the composition agreement was effected in this case the ownership passed into new and responsible hands. The possibility of any arrangement giving control to the creditors under these circumstances is remote.

The motion for an order under article 78 of the Civil Practice Act is granted. Settle order.