■ In the Matter of FINEWAY SUPERMARKETS, INC., et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered September 29, 1977, reversed, on the law, the petition reinstated and granted, and the matter remitted to respondent-respondent State Liquor Authority for further proceedings not inconsistent herewith, without costs and without disbursements. Petitioners-appellants are retail grocers with grocery beer licenses who, being unable to discharge financial obligations to their suppliers, were placed by respondent on the retail license delinquent list (Alcoholic Beverage Control Law, § 101-aa). A large chain store purchased the stock of petitioners and entered into a common-law composition with their creditors in lieu of bankruptcy proceedings. The debt owed by the suppliers of alcoholic beverages amounts only to approximately 1% of the over-all debt funded by the arrangement. There is no apparent claim of bad faith leveled against the stock acquisition and composition. The *bona fides* of the composition not being attacked, it is, as a matter of law, payment in full of a liquor wholesaler's bill sufficient to satisfy the Alcoholic Beverage Control Law and, since this is a matter of law, the Liquor Authority cannot succeed in its argument that its "refusal to accept judicially unsupervised composition agreements rests upon sound administrative policy." These circumstances do not really differ with those found in *Matter of Ramey v Bruckman* (178 Misc 659), wherein the late Justice Shientag found such a composition to constitute payment in full as a matter of law. As in *Ramey,* the statute sets out no other definition of payment. "Under the circumstances there is no reason why a *bona fide* legitimate composition does not constitute 'payment in full'" (*Matter of*

*Ramey v Bruckman, supra,* p 660). There is no quarrel here with the proposition that an administrative agency's interpretation of statutes is to be accorded great weight. However, we find nowhere support for the idea that such an agency may by administrative action alter the legal consequence of a bona fide composition agreement. The Special Term distinguished *Ramey* from the situation here found in that the *Ramey* composition operated to the benefit of the retiring shareholder whereas here it is the acquiring shareholder who receives the benefit. We deem this a distinction without a difference which does not alter at all the principle embodied in *Ramey's* reasoning. Therefore, we consider arbitrary the refusal of respondent to accept the composition as payment and direct accordingly. Concur—Lupiano, J. P., Markewich, Lynch and Sullivan, JJ.; Silverman, J., dissents in a memorandum as follows: I would affirm the judgment appealed from. The composition agreement in this case provided as one alternative for payments over a five-year period, during which the wholesaler or manufacturer of liquor would remain a creditor of the retailer. In this respect, the case differs sharply from *Matter of Ramey v Bruckman* (178 Misc 659) where the composition agreement apparently provided for a single payment of 20% within a matter of a month or so. Section 101 *et seq.* of the Alcoholic Beverage Control Law contain various provisions seeking to prevent retailers of alcoholic beverages from coming under the control of manufacturers and wholesalers, i.e., the old evil of the "tied house." Specifically, section 101-aa limits the extent to which a retailer may become indebted to a manufacturer or wholesaler by in effect limiting credit to a maximum of 45 days. I cannot say that the State Liquor Authority is wrong in its view that an arrangement that permits a manufacturer or wholesaler to continue to be a creditor of the retailer for five years is a violation of that statute. As the Court of Appeals said in *Matter of Howard v Wyman* (28 NY2d 434, 438): "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld * * * As this court wrote in the *Mounting & Finishing Co.* case (294 N. Y., at p. 108), 'statutory construction is the function of the courts "but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited" *(Board v. Hearst Publications,* 322 U. S. 111, 131). The administrative determination is to be accepted by the courts "if it has 'warrant in the record' and a reasonable basis in law" (same citation). "The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body" *(Rochester Tel. Corp. v. U. S.,* 307 U. S. 125, 146).' "