Chief Judge Fuld,
The petitioner, the mother of several children, is a welfare recipient whose apartment was allegedly burglarized, resulting in the loss or destruction of clothing and furniture. She thereupon applied to the New York City Social Services Department for replacement of the stolen articles, relying on section 131-a(subd. 6) of the Social Services Law which, in part, provides that ‘ ‘ a social services official may make provisions for the * * * replacement of necessary furniture and clothing for persons in need of public assistance who have suffered the loss of such items as the result of fire, flood or other like catastrophe".[1] The city agency denied the application and that determination was affirmed, following a hearing, by the Commissioner of the State Department of Social Services. It *437 was his Mew that “ [l]osses due to theft and vandalism are not losses due to catastrophe ” such as are contemplated by the statute. In this article 78 proceeding, the courts below reached a different conclusion; the Appellate Division — Justice McGtvebn dissenting—held that a loss of clothing and furniture due to a burglary is a “catastrophe” under the statute and remanded the case to the appellant State Commissioner for the purpose of having him determine “ the appropriate amount of the grant ” to be allowed the petitioner to replace the articles stolen.[2] It appears that the petitioner and her children were housed, following the burglary, in a hotel but the propriety of such housing is not here involved, the only question presented and argued on this appeal being the reach of the phrase, ‘ ‘ or other like catastrophe ”, contained in section 131-a (subd. 6) of the Social Services Law.
The statute provides for replacement of necessary furniture and clothing for persons who have suffered the loss of such items “ as the result of fire, flood or other like catastrophe”. The loss of those articles to one who has no money with which to replace them might well be deemed a ‘‘ catastrophe ’ ’. However, our task is to decide not whether a burglary may, in some instances, be termed a “ catastrophe ” as that word is generally understood but, rather, what the Legislature and the Social Services Department intended when they used the phrase ‘1 fire, flood or other like catastrophe ”. Having in mind the maxims, ejusdem generis and noscitur a sociis, it is difficult to conclude that it was the legislative design to include ‘ ‘ burglary ’ ’ within the covering clause employed. Reasonably construed, the phrase, a 11 like catastrophe ’ ’ encompasses only a natural occurrence — and, in the case of a fire, one that is man-made—but a burglary is far too unlike a fire or a flood to be included.
This was, the Commissioner informs us, the precise construction intended by his department in drafting the regulation *438 implementing the statute and it is the meaning consistently accorded the provision in cases before it involving burglaries. It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld. (See, e.g., Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108; Matter of Colgate-Palmolive-Peet Co. v. Joseph, 308 N. Y. 333, 338; Udall v. Tallman, 380 U. S. 1, 16-18; Power Reactor Co. v. Electricians, 367 U. S. 396, 408.) As this court wrote in the Mounting & Finishing Co. case (294 N. Y., at p. 108), “ statutory construction is the function of the courts ‘ but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court’s function is limited ’ (Board v. Hearst Publications, 322 U. S. 111, 131). The administrative determination is to be accepted by the courts ‘ if it has “ warrant in the record ” and a reasonable basis in law’ (same citation). ‘ The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’ (Rochester Tel. Corp. v. U. S., 307 U. S. 125,146).”
It is highly unfortunate that burglaries are endemic to many sections of the city and occur in great numbers but such misfortune may not be labeled a “ catastrophe ” within the sense of the statute and, certainly, to so construe it — as the agency has—may not be said to be irrational or unreasonable. In fact, to include within the phrase a “ like catastrophe ” a burglary would require a rewriting of the statute; the courts should not resort to such unwarranted judicial legislation. If there is to be a change in the Commissioner’s construction of the statute, it must be accomplished by legislative amendment.[3]
*439 The order appealed from should be reversed, without costs, and the petition dismissed.
Judges Scileppi, Bergan, Jasen and Gibson concur with Chief Judge Fuld ; Judges Burke and Breitel dissent and vote to affirm on the opinion at the Appellate Division.
Appeal taken as of right dismissed, without costs, upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution. Motion for leave to appeal granted. Order reversed, without costs, and petition dismissed.

. The State Department of Social Services has implemented the statute by a regulation which requires replacement of items lost “in a fire, flood or like catastrophe ” (18 NYCRR 352.4 (a) (8) [now 352.2 (a) (5) and 352.7 (d) ]) ■—■ the same language as is contained in the statute.

. The Appellate Division’s order is clearly nonfinal (CPLR 5601; see Matter of Velez v. Wyman, 28 N Y 2d 898 and, therefore, the appeal, originally taken as of right, is subject to dismissal. However, on the argument, the Commissioner moved the court to grant him leave to appeal pursuant to CPLR 5602 (subd. [a], par. 2). We grant his motion and, accordingly, the case is properly here by our permission.

. In reaching his determination, Commissioner Wyman relied solely on section 131-a (subd. 6) of the Social Services Law and since, so far as appears from the record before us, the petitioner made no application for “emergency assistance ” under that statute’s section 350-j (subd. 2) and its related regulations (e.g., 18 NYCRR 372.3 and 374.4 [a]), we do not consider whether the victim of a burglary is entitled to such relief. It is hardly necessary to add that our decision is without prejudice to an application by the petitioner under that section.