HON. STEPHEN BERGER Commissioner, New York State Department of Social Services
This replies to your request for my opinion as to whether or not the right of Medicaid recipients to free choice of providers is necessarily violated when a patient who is in receipt of Medicaid is required to go to a county infirmary home rather than a private nursing home, if both facilities are equivalent, and there is no compelling reason why the patient should not be placed in the county facility rather than a private home.
The question must be answered in light of the provisions of State Department of Social Services regulation, 18 NYCRR, § 360.29 which provides in pertinent part:
 "Medical care and health services furnished pursuant to title 11 of the Social Services Law shall * * * include the right of each individual entitled thereto to obtain such medical care and health services from any institution, agency, or person qualified to participate under medical assistance, if such institution, agency or person undertakes to provide him such medical care and health services."
You stated in your letter that such regulation derives from the provisions of Federal Law (42 U.S.C. § 1396a[a][23]) and Federal regulations (45 C.F.R. § 249.20) which require that a state plan for medical assistance must give a recipient freedom in choosing his provider of care, services and supplies.
Matter of Howard v. Wyman (28 N.Y.2d 434) and MacGaffick v.Lavine (45 A.D.2d 928, affd. 38 N.Y.2d 719, November 20, 1975) hold that the interpretation by a State Commissioner of his own regulations, if reasonable, will be upheld. You said "Part 5, Section 5-100-20A of the HEW Medical Assistance Manual (MSA-PRG-18, June 7, 1972) states that freedom of choice relates to an individual's opportunity to make his own decisions for hisown reasons, free from the arbitrary authority of others" (your emphasis), and further states:
 "The purpose of the free choice provision is to allow Title XIX recipients the same opportunities to choose among available providers of covered health care and services as are generally offered to the general population. This means that Title XIX recipients are subject to the same reasonable limitations in exercising such choice as are non-recipients * * *"
It is clear from HEW guidelines, and the specific requirement of regulation 18 NYCRR, § 360.29 that a recipient of Medicaid is free to choose providers of medical care or services for his own reasons, subject to the same reasonable limitations as non-recipients. It follows that any interpretation which negates a recipient's right to so choose is contrary to the specific requirement of regulation 18 NYCRR, § 360.29, and would constitute an unreasonable interpretation of the regulation.
However, there are boundaries within which a recipient must exercise his free choice of providers. Social Services Law, § 365a defines "medical assistance" as including "care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions * * *" (emphasis added). Federal and State regulations (45 C.F.R. § 248.40[a] and 18 NYCRR, § 360.12) imply limitations on the geographical area in which care and services must be provided. Under certain circumstances, a recipient's choice could be limited to a single provider because other types of available care are unnecessary, within the meaning of the Social Services Law, or outside the geographical area in which the recipient may exercise his freedom of choice.
Where there are equivalent providers available to a recipient, it is clear that under 18 NYCRR, § 360.29, he is free to make a reasonable choice. If a difference exists between the cost of care in "equivalent facilities", other factors which would bear on the decision of a non-recipient, such as family, social, medical or religious considerations, also have to be considered to determine whether a recipient's choice of higher costing care is reasonable.
It is my opinion that a Medicaid recipient's right to free choice of providers would be violated if he were required to go to a county infirmary rather than a legally available private nursing home which he had freely chosen, subject to the same reasonable limitations in exercising such choice that would apply to a non-recipient.