Jones, J.
(dissenting). I would affirm the order of the Appellate Division.
Counsel for petitioner concedes that there would be no constitutional or other legal obstacle to the enactment by our Legislature of an explicit provision prescribing that in the determination of financial eligibility for medical assistance FICA taxes deducted from an applicant’s or recipient’s compensation would not be exempt but should be included in the computation of income and resources. On this premise, with which I quite agree, absent explicit provision, two principles become relevant—whether the existing provisions of statute and regulation may reasonably be construed as the commissioner has done (to permit FICA deductions to be disregarded in determining eligibility) is for the courts; whether they should be so construed is for the commissioner. One para *590 graph of the definitive State statute purports to provide an exclusive list of exemptions and makes no reference to FICA taxes (Social Services Law, § 366, subd 2, par [a]); another employs general terminology which can be read to require exemption of such taxes as not within the phrase "income and resources * * * available to the applicant or recipient” (§ 366, subd 2, par [b]). In an economic sense current provision for future needs may well be considered a "resource”. I would accordingly conclude that to require FICA deductions to be disregarded is neither irrational nor unreasonable, and "[i]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld”. (Matter of Howard v Wyman, 28 NY2d 434, 438.)
As to the Federal aspect of the matter, I do not find the enactments of the Congress or the regulations of the Secretary of Health, Education and Welfare so clear as to preclude the determinations made by our State Commissioner of Social Services. I do not necessarily attach conclusive significance to the fact that the New York State plan, which may be said to include the present practice, has been approved by the secretary. It cannot be denied, however, that, although the secretary has impressive procedural and substantive resources at his command if he judges that the State is not in compliance with Federal requirements, he has not seen fit to invoke them to require exemption of FICA taxes.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Gabrielli; Judge Jones dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Judgment modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.