Jones, J.
(dissenting). I cannot accept the conclusion of the majority that the provisions with respect to recovery of advances to avoid eviction, set forth in section 352.7 of the commissioner’s regulations (18 NYCRR 352.7), are subject to limitations laid down in the provisions for recoupment of overpayments, earlier found in section 352.31 of the same regulations—specifically, in this instance, the limitations *730 found in paragraph (d) (4) of the latter section. In my view the evidently discrete treatment of the two quite different occasions when deductions are to be made from welfare payments, promulgated in separate paragraphs so arranged and numbered as to reflect co-ordinate rather than subordinate status and without either express or implied cross reference, precludes the cross reading engaged in by the majority. Beyond what I find to be the compelling explicitness of the regulations themselves, surely the separateness of interpretation placed on them by the commissioner should be accepted by the court (Matter of Howard v Wyman, 28 NY2d 434, 438). I would conclude that the commissioner does differentiate between the two types of deductions and that nothing precludes him from doing so.*
There is no incongruity in the commissioner’s fixing differing requirements with respect to two situations which are quite distinguishable, and it should surprise no one that the terms of restitution by deduction from future welfare payments are not the same. As to one, the problem is involuntary recoupment of overpayments which might be occasioned by error of the welfare agency or fraudulent nondisclosure by the recipient. As to the other, the problem is enforcement of a voluntary agreement to repay a gratuitous advance to avoid eviction made under section 352.7.
I also find disturbing the proposition articulated by the majority that this recipient’s agreement to make repayment accompanying his request for the advance to avoid eviction cannot be considered to have been voluntarily made by him and should therefore in effect be treated as a contract of adhesion. No reliance is placed on any special circumstances found to be present in this case; there is no proof of overreaching. The result appears to be predicated on some general assumption that because the recipient is economically disadvantaged and confronted with the conceded hardship of prospective eviction the possibility of any voluntary resolution of his predicament is, ipso facto, foreclosed. I would not shy away from such an ultimate conclusion were it grounded on affirmative, individualized, factual proof of overreaching by welfare officials. I cannot agree, however, that in the absence of such *731 proof, the legal consequence found by the majority should be automatically attached, without more, to every instance in which a recipient confronted with eviction, however occasioned, requests an advance and agrees to make repayment over six months.
In sum, it is my view that, voluntary or involuntary, the agreement of this recipient of home relief falls within the ambit of section 352.7 and as such is not subject to the strictures of section 352.31 (d) (4).
For the reasons stated I would reverse the order of the Appellate Division and reinstate the disposition at Special Term.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Gabrielli; Judge Jones dissents and votes to reverse in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Order affirmed, without costs.

 It is to be noted that petitioner here was in receipt of home relief only, a program wholly supported by State and local funds. Accordingly, the Federal regulation governing federally assisted programs (45 CFR 233.20 [a] [12]), extensively discussed by the parties, appears to have no application.