In the Matter of JACK NASH, on Behalf of Himself and All Other Persons Similarly Situated, Appellant, v FRANK ROGERS, as Commissioner of the Division of Criminal Justice Services, et al., Respondents.

Third Department, January 26, 1978

**APPEARANCES OF COUNSEL**

*Kurt A. Franzenburg* for appellant.

*Louis J. Lefkowitz, Attorney-General (John M. Dufur* and *Ruth Kessler Toch* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, J.

In April, 1975 petitioner applied to the respondent Commissioner of the Division of Criminal Justice Services (DCJS), for the reward money authorized to be paid by former section 838 of the Executive Law (added by L 1973, ch 276, §§ 29 and 34, for a period of three years).

Subdivision 1 of section 838 of the Executive Law created a fund for paying "rewards to * * * persons providing information leading to the apprehension and conviction of an individual for a class A [drug] felony". Subdivision 2 stated that: "a person shall be deemed to have provided information leading to the apprehension and conviction of an individual [of a class A felony] when such person has communicated to the division in such manner as may be prescribed by the commissioner, including but not limited to a toll free telephone line, information which the commissioner has determined to have materially contributed to such apprehension and conviction." The respondent has refused to pay the reward ($1,000 per conviction; see Executive Law, § 838, subd 3) because petitioner first gave his information to the State Police and not to DCJS.

■ The respondent commissioner interprets subdivision 2 to require the information be reported to DCJS *before* any report is made to a law enforcement agency. Since he is charged with the duty of administering the statute, his interpretation, "if not irrational or unreasonable, should be upheld [citations omitted]." *(Matter of Howard v Wyman,* 28 NY2d 434, 438.)

■ The changes in tense in subdivision 2 are confusing and ambiguous on the question of whether the "information" must be communicated "to the division" in the first instance. Certainly, the statutory language compels adoption of no such requirement. However, there is sufficient basis for the requirement to withstand the charge of irrationality.

The only method of communicating "infomation" to DCJS explicitly mentioned in the statute is "toll free telephone line". This method is consistent with respondents' view that the cash rewards were envisioned by the Legislature as part of a system distinct from ordinary law enforcement. Furthermore, requiring that the initial contact be made with DCJS

would facilitate determining whether the "information * * * materially contributed to * * * apprehension and conviction." Such requirement also would better enable the commissioner to limit rewards to those who gave information because of the reward inducement. Arguably, the Legislature intended to pay only for information which would not have been given gratuitously.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, LARKIN and HERLIHY, JJ., concur.

Judgment affirmed, without costs.