■ In the Matter of IRVING TRUST COMPANY et al., Appellants, v PRESIDENT OF THE BOROUGH OF MANHATTAN OF THE CITY OF NEW YORK et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered on March 9, 1978, affirmed for the reasons stated by Bloom, J. (See, also, *Matter of Howard v Wyman*, 28 NY2d 434, 438.) Respondents shall recover of appellants one bill of $60 costs and disbursements of this appeal. Concur—Silverman, Evans, Lane and Markewich, JJ.; Murphy, P. J., dissents in the following memorandum: The petitioners are the owners of certain buildings located on Wall Street. The respondents, other than the Manhattan Borough President, are involved in the ownership and control of a new 32-story office building previously known as 88 Pine Street. In this article 78 proceeding, the petitioners seek to annul the Borough President's determination which gave the subject building the new address "Wall Street Plaza". The building under discussion is bounded by Water Street (West), Maiden Lane (North), Front Street (East), and a "strip" formerly part of Pine Street (South). The strip had been conveyed by the City of New York to certain grantees who, in turn, leased it to the owner of the subject building. This strip now forms part of a private mall between the building known as 100 Wall Street and the instant building. At its closest point, the subject building is approximately 200 feet north of Wall Street. In recent years, the right to challenge administrative action has been enlarged by the courts. *(Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 10.) Merchants, with premises on and off Madison Avenue, were thus granted standing to challenge the proposed Madison Avenue Mall *(Fifth Ave. Assn. v Lindsay*, 73 Misc 2d 111, affd 41 AD2d 1031). Similarly, the petitioners should be given standing in this proceeding since they have the right to protect their economic interest in the Wall Street address from unfair exploitation. Neither the city charter nor the Administrative Code contains a specific provision authorizing any municipal agency or officer to name a plaza. The Borough President points to the fact that, in recent years, he has traditionally named plazas. Moreover, he emphasizes that section 82 (3)-2.0 of the Administrative Code of the City of New York gives him the right to adjust

street numbering. A course of conduct in accordance with general usage and customary construction of a statute will not be permitted to continue if it is plainly illegal, since a mistake as to law gives no right to insist that the mistake shall be continued. (McKinney's Cons Laws of NY, Book 1, Statutes, § 128, p 269.) Consequently, even though the Borough President has customarily renamed streets with plaza names, it is necessary to determine whether he has authority to do so. The Borough President's reliance upon section 82 (3)-2.0 of the Administrative Code is misplaced. The right to adjust the number of a public street assumes the existence of such a street. The subject mall, formerly part of Pine Street, is now private property. Hence, section 82 (3)-2.0 of the Administrative Code is inapplicable. Even if the mall were a public street, the right to rename it or designate it a plaza would fall within the province of the city council. (See Administrative Code, §§ B4-1.0—B4-90.0). Clearly, the change of address from 88 Pine Street to Wall Street Plaza involves more than mere renumbering; it involves the renaming of a street. Furthermore, it should be stressed that subdivision a of section 883b-1.0 of the Administrative Code provides that: "It shall be unlawful for any private street or thoroughfare to bear a name similar to a street or thoroughfare officially named." Assuming that the Borough President had the authority to change the address, he would violate the strictures of section 883b-1.0 of incorporating the name of Wall Street into the plaza designation. There is, of course, no merit to the respondent's semantical argument that the Borough President is merely changing the address of the building and that he is not renaming the private mall in front of the building. There can be no doubt that the address of the building was being changed to conform with the co-ordinate transformation of the unnamed mall into Wall Street Plaza. The building address cannot be permitted to conform to the unlawful designation of a private plaza. It is a well-settled principle that this court may review an administrative determination for errors of law alone *(Matter of Tompkins v Board of Regents of Univ. of State of N. Y.,* 299 NY 469, 474). Thus, this court has the power and duty to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the Legislature. *(Matter of Guardian Life Ins. Co. of Amer. v Bohlinger,* 308 NY 174, 183.) The Borough President has exceeded his statutory authority in changing the address of the subject building to Wall Street Plaza. Accordingly, the order and judgment of the Supreme Court, New York County, entered March 9, 1978, should be reversed and the petition should be granted.