OPINION OF THE COURT
Leonard A. Weiss, J.
I. INTRODUCTORY QUESTION
Has the New York State Department of Transportation acted arbitrarily, capriciously, or without legal authority in refusing to enter the names of petitioners Lane Construction Corporation (Lane), John Arborio, Inc. (Arborio) and John B. Pike and Son, Inc. (Pike) on its "Minority Business Enterprise Registry”?
II. BACKGROUND AND CONTENTIONS
Petitioners allege, in substance, that respondent, William C. *501 Hennessy (New York State Transportation Commissioner) failed to perform a duty enjoined upon him by law, acted in excess of his jurisdiction, made a determination effected by an error of law, arbitrarily, capriciously, and in abuse of his discretion by failing to enter petitioners’ names on the Minority Business Enterprise Registry notwithstanding the fact that a majority of petitioners’ stock is owned by women (51.6% of Arborio’s stock is owned by women; 3 of 5 Arborio directors are women, 3 of 5 Arborio corporate officers are women; 72% of Pike’s stock is owned by women). The thrust of petitioners’ argument is that the State Transportation Commissioner has no discretion to deny placing petitioners on the Minority Business Enterprise Registry once petitioners have shown that a majority of their stock is owned by a minority — in this case women.
The substance of respondent’s answer to petitioners’ contention is that the fact stock ownership of a corporation is vested in persons who are generally regarded as part of a minority group (i.e., "women”) is not, by itself, sufficient to qualify that corporation for inclusion on the Minority Business Enterprise Registry. Respondent suggests that in determining whether a corporation qualified for Minority Business Enterprise (MBE) status, it is relevant to consider whether the minority enterprise is "owned or controlled by one or more socially or economically disadvantaged persons.” Respondent suggests that the failure of any petitioner to demonstrate that its women owners are socially or economically disadvantaged precludes petitioners’ qualifying for MBE status.
III. DECISION
The Transportation Commissioner’s refusal to grant MBE status to petitioners in this case does not appear to be so effected by an error of law, irrational, arbitrary, capricious, or in abuse of discretion as to justify interference by this court with that determination. To the contrary, this court believes that if petitioners were accorded MBE classification, there would be a frustration of statutory purpose so egregious in nature, that in this case highly profitable corporations would become economically disadvantaged minority business enterprises. The fundamental truth of this proposition becomes apparent if common sense consideration is given to these statements by Howard L. Sheefy (Assistant Director of Transportation affirmative action programs office for the State *502 Transportation Department) in his affidavits signed January 2, 1979: "Applications by firms with a long history of involvement in major construction must be scrupulously reviewed. In such instances, ownership by women should not be the sole indicator of entitlement to MBE status. All women are not economically and socially disadvantaged. Those who have escaped the status to which many women find themselves relegated by tradition cannot in good faith be rewarded by governmental agencies charged with obligations to assist those not as fortunate. It is your Deponent’s strong belief that, by virtue of this distinction, Petitioner’s application was invalid and therefore are denied.”
In reviewing the Transportation Commissioner’s determination here, it is essential that the court recognize the scope of its review is narrow. The standard to be applied in this case was stated by Associate Judge Fuchsberg of the Court of Appeals in Matter of Harbolic v Berger (43 NY2d 102, 109) in summarizing the Attorney-General’s contentions as follows: "Respondents nevertheless argue that the construction given a statute by an agency responsible for its administration and a regulation adopted by the agency for that purpose are each entitled to great weight and should be upheld if not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434, 438; cf. Matter of Sauer v Director of Creedmore Psychiatric Center, 41 NY2d 1023; Matter of Rubin v Levine, 41 NY2d 1024).”
The actual question posed by this proceeding is whether the Transportation Commissioner’s interpretation of the authority establishing the MBE program for the Transportation Department is irrational or unreasonable in requiring that a corporation to qualify for MBE status show not only that a majority of its stock is owned by a minority group, but also that the majority owners are socially or economically disadvantaged persons?
This court believes the following italicized language from section 6 of Presidental Executive Order No. 11625 dated October 14, 1971 (US Code, Cong & Admin News, 1971, vol 2, p 2586), under which the MBE program for the State Transportation Department was established supports the respondent’s view that to qualify for MBE status a corporation must demonstrate that a majority of stockholders are economically and socially disadvantaged in addition to being members of a minority group: "Definitions. For purposes of this order, the *503 following definitions shall apply: (a) 'Minority business enterprise’ means a business enterprise that is owned or controlled by one or more socially or economically disadvantaged persons. Such disadvantage may arise from cultural, racial, chronic economic circumstances or background or other similar cause. Such persons include, but are not limited to, Negroes, Puerto Ricans, Spanish-speaking Americans, American Indians, Eskimos and Aleuts” (p 2588; emphasis supplied).
Respondent’s view is also supported by the following italicized language from section 3 of the United States Department of Transportation Order 4000.7A, dated March 6, 1978, which was issued by the United States Department of Transportation pursuant to Executive Order 11625 to implement the MBE program: "policy.
"a. It is the policy of the Department of Transportation to encourage and increase the participation of businesses owned and controlled by minorities, including women, (MBEs) in contracts and projects funded by the Department. Economically and socially disadvantaged individuals, including minorities and women, have traditionally been underrepresented as owners and managers of businesses in this country. The executive and legislative branches of the federal government have long recognized the need to promote the development of businesses owned by the economically and socially disadvantaged to achieve the goal of equal opportunity. To overcome the traditional underrepresentation of these groups in the business community, the federal government has used its procurement authority and its financial assistance programs to state and local governments as vehicles to assist minority business enterprises. Executive Order 11625 directs the Department of Commerce to provide technical and financial assistance to promote MBEs. Executive Order 11625 further requires that federal executive agencies develop comprehensive plans and programs to encourage minority business enterprise.” (Emphasis supplied.) It is clear from the italicized language that the United States Department of Transportation includes women among minority groups who may also be economically and socially disadvantaged. A fair and realistic reading of this language is that at least two conditions must be met to qualify for MBE status: (1) ownership of a majority of the stock by members of a minority, and (2) some demonstration that the corporation’s majority stockholders are also socially and economically disadvantaged. Respondent’s view *504 that it would, frustrate the purpose of Executive Order 11625 if MBE status were granted to a corporation solely on its showing that a majority of its stock is owned by members of a minority group, without regard to whether the majority stockholders are also economically and socially disadvantaged is reasonable given the express language in Executive Order 11625, and United States Department of Transportation Order 4000.7A (supra, p —).
Respondent’s application of the economically and socially disadvantaged test to deny granting MBE status to the three petitioners in this case is also reasonable. Respondent’s observations that (1) petitioner Lane, in business since 1902, with 11 uncompleted contracts in eight States from New York to Florida valued at $188,000,000, (2) petitioner Arborio, in business since 1929, which performed 28 contracts in New York and New Jersey between 1973 and 1977 valued in excess of $65,000,000, and (3) petitioner Pike, in business since 1873, working on 15 uncompleted construction projects valued between $97,500 and $19,300,000 each, together with other miscellaneous "small jobs” valued at $1,500,000 — are not owned by economically or socially disadvantaged persons regardless of their race, sex, or national origin, are obviously correct.
The court holds that respondent has acted properly by not granting MBE status to the petitioners Lane, Pike and Arborio.
Accordingly, the relief requested in the petition is hereby denied.