■ In the Matter of DAVID H. SUTFIN, Respondent, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment affirmed, with costs, for the reasons stated at Special Term, Wagner, J. All concur, except Simons and Moule, JJ., who dissent and vote to reverse and dismiss the petition, in the following memorandum.

Simons and Moule, JJ. (dissenting). Appellant Blum found after a fair hearing that petitioner, a recipient of public assistance, has lived in the Stanton Hotel since 1975; that his living quarters have no cooking facilities and that he has received a restaurant allowance from October through December, 1975, January through August, 1977 and October through December, 1977. On January 1, 1978 petitioner again requested a restaurant allowance and the agency denied it. It found that petitioner was not physically or mentally incapable of cooking his own meals and that he had received a restaurant allowance for more than six months. Finding also that he had not made reasonable efforts to find living quarters with adequate cooking facilities, she denied his application. There is substantial evidence to support those findings, as Special Term and the majority tacitly agree. Nevertheless the decision of Special Term, affirmed by a majority of this court, holds that the agency must continue to provide restaurant allowances to petitioner indefinitely because appellants' interpretation that 18 NYCRR 352.3 (g) requires that restaurant allowances be granted only to those physically or mentally unable to cook for themselves or temporarily housed in hotel or motel facilities is arbitrary and unreasonable. We do not find it so and, because we find that the agency's interpretation of its own rules is not irrational or unreasonable, we believe that it should be upheld (see Matter of Howard v Wyman, 28 NY2d 434, 438). (Appeal from judgment of Steuben Supreme Court—art 78.) Present—Dillon, J. P., Cardamone, Simons, Callahan and Moule, JJ.