In the Matter of the Claims of HENRY LEE et al., Respondents, v EASTERN FREIGHT WAYS, INC., Respondent, and PEERLESS INSURANCE COMPANY et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 1.)

In the Matter of the Claims of JOHN ZWIRBA et al., Respondents, v EASTERN EXPRESS, INC., et al., Respondents, and SEABOARD SURETY COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 2.)

Third Department, July 31, 1980

## APPEARANCES OF COUNSEL

*Gottesman, Wolgel, Smith & Secunda (Harold H. Wolgel* of counsel), for Peerless Insurance Company, appellant.

*Tell, Cheser, Breitbart & Lefkowitz (Solomon M. Cheser* of counsel), for Seaboard Surety Company, appellant.

*Hart & Hume (Jack Hart* and *James D. Greenhalgh* of counsel), for American Casualty Company of Reading, Pennsylvania, appellant.

*Kroll, Killarney, Pomerantz & Cameron (Roy E. Pomerantz* of counsel), for Tico Insurance Company, respondent.

## OPINION OF THE COURT

MAIN, J.

Eastern Freight Ways (Freight Ways) and Eastern Express (Express) were self-insured employers, pursuant to subdivision 3 of section 50 of the Workers' Compensation Law. In order to meet their obligation thereunder, the employers filed various surety bonds with the board's chairman. Each bond was in the form approved by the chairman, and save for the parties, penal sums and effective dates, all have identical provisions.

In relevant part, the bonds provided that in the event of a default by the principal, the surety would be liable for any workers' compensation obligations that arose out of an accident or injury which had occurred before the effective date of the bond, as well as for similar obligations arising during the term of the bond. The bonds also provided that the surety's power to terminate the bond was limited to disavowing obligations that arose from injuries or accidents occurring after the effective date of the termination. In sum, the surety bond clearly provided for continuing responsibility for employer default upon claims arising from injury or accident prior to and during the term of the bond, and the surety's limited power of termination could only relieve it of employer obligations arising from accidents or injuries occurring after termination of the bond.

Both Freight Ways and Express fell victim to bankruptcy,

and several claims for workers' compensation obligations were outstanding against each. During the pertinent time period, Freight Ways was assured by five bonds issued by four different surety companies and Express was covered by two companies. By reason of the continuing responsibility provision of the bonds, the obligations were, in save but for one instance, subject to protection from two or more bonds. The Workers' Compensation Board ruled that for each of the afore-mentioned claims, compensation payments were to be made by the surety whose bond was executed and not yet terminated at the time the particular accident took place, and that in situations of this nature, where multiple sureties cover the same claim, fairness requires that the surety in current force at the time of the accident or injury pay the resulting claim.

On appeal the appellants argue, *inter alia,* that the surety in place at the time of the employer's default should bear the responsibility for the obligations then unpaid by the defaulting employers. In support of this position, appellants argue, primarily, that under section 50 of the Workers' Compensation Law, and several of its subdivisions and regulations adopted pursuant thereto, no distinction is made between the filing of a surety bond, posting securities or issuing a combination of the two in the process of qualifying as a self-insured. Therefore, they assert that the board's holding that each prior surety is also liable for a share of the defaulted obligations leads to different results, depending upon whether securities or surety bonds are selected to provide assurance for the possible obligations. This inconsistent treatment, they conclude, runs afoul of the intent and purpose of section 50 of the Workers' Compensation Law. In our view, such a conclusion has no merit and overlooks the purpose of the statute, the language of the bonds and the clear distinctions between providing a bond and the posting of securities.

First of all, the unmistakable and primary purpose of that section is to insure, to the fullest extent possible, that there will be a financial source available from which workers' compensation obligations of a defaulting employer may be satisfied, and the chairman, in no small measure, is charged with the responsibility of achieving this objective. In addition, through the clear and unambiguous language of the bonds, the sureties agreed to terms which created the distinct possibility of overlapping liability on defaulted obligations, and unless the provisions of the bonds, as approved by the chair-

man, are not rationally related to the purpose of the statute, the provisions and plain meaning of the bonds are valid, and the judicial function is exhausted ,when there is found to be a rational basis for the conclusions approved by the administrative body (cf. *Matter of Howard v Wyman,* 28 NY2d 434). Lastly, the appellants' position fails to comprehend or recognize the fact that there is a decided difference between the posting of security and the furnishing of a bond. Securities provide tangible assets from which the chairman can draw to satisfy the defaulted obligations of the self-insured. On the other hand, where a surety assures the proper discharge of defaulted obligations, the chairman is wholly dependent upon the continued financial vitality of the surety. Because of this real distinction, it cannot be said that, by approving bonds which had the practical effect of overlapping successive sureties obligations so as to insure that sufficient resources would be available in the event of default by a self-insured, the chairman acted unreasonably or irrationally.

We have examined the appellants' other arguments and find them to be without merit.

The terms of the bonds were properly prescribed by the Chairman of the Workers' Compensation Board. They are clear and the board could choose which of the sureties were to pay the various defaulted obligations.

The decision should be affirmed, with one bill of costs to respondent Tico Insurance Company against appellants.

GREENBLOTT, J. P., KANE, MIKOLL and HERLIHY, JJ., concur.

Decision affirmed, with one bill of costs to respondent Tico Insurance Company against appellants.