■ In the Matter of LAURA A. THOMASEL, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Depart-

ment of Social Services dated December 20, 1983, which, after a fair hearing, upheld a determination of the New York City Department of Social Services that the petitioner was only entitled to restricted payments for home repairs.

Petition granted, on the law, without costs or disbursements, determination annulled, and the respondent local commissioner is directed to issue unrestricted payments to the petitioner for home repairs.

The petitioner received a grant from the respondent local commissioner to pay for ceiling repairs in the form of two-party checks made out to the petitioner's husband and a contractor. Agency regulations (18 NYCRR 381.1 *et seq.)* provide that money payments to recipients shall not be in a restrictive form unless certain conditions are met. The respondents claim that these regulations do not apply to special grants, such as that involved here, and, therefore, that action was proper.

An administrative agency's interpretation of its own regulations will be upheld unless it is unreasonable or irrational *(see, Matter of Howard v Wyman,* 28 NY2d 434). Here there is no rational basis for the determination that the regulations limiting restricted payments do not apply to special grants. The language used in the regulations does not differentiate between special grants and recurring grants but refers generally to payments for authorized public assistance. In addition, the applicable Federal regulation at 45 CFR 234.60 limits the ability of a State agency to use restricted payments such as two-party checks.

The respondents' decision to issue a restricted payment to the petitioner finds no support in the record. The local commissioner failed to give the petitioner the notice required by 18 NYCRR 381.4 and failed to make the findings required by 18 NYCRR 381.3. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.