■ In the Matter of SHEILA KARP, Respondent, v BOARD OF EXAMINERS OF THE NEW YORK CITY BOARD OF EDUCATION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Examiners of the Board of Education of the City of New York (hereinafter the board), dated March 31, 1986, which found the petitioner ineligible for a regular license as a teacher of common branch subjects and denied her application therefor, the appeal is from an order of the Supreme Court, Kings County (Rader, J.), dated September 8, 1986, which granted the petition to the extent of directing the appellants to reconsider the petitioner's application, on the ground that the refusal of the appellants to accept her substitute teacher's license in the early childhood area toward the satisfaction of the minimum preparation requirements for a regular teacher's license in the common branch area was arbitrary and capricious.

Ordered that on this court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Mangano and leave to appeal is granted by Justice Mangano; and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

In 1969 the petitioner received a Bachelor of Science degree

in education. In June of that year, the board granted the petitioner a substitute license for teaching early childhood classes (grades kindergarten through two) in the New York City schools. The petitioner taught under her substitute teacher's license from September 1969 through June 1972. The petitioner obtained a regular teacher's license in September 1972 but it expired on June 30, 1976, when she failed to return to teaching at the conclusion of a previously granted maternity and child care leave of absence. In January 1979 the petitioner was reissued her substitute teacher's license and resumed teaching under that license.

In December 1984 the board announced an examination for a regular teacher's license in the area of common branch subjects (grades 2 through 6). The title of the examination announcement reads as follows: "EXAMINATION FOR LICENSE AS TEACHER OF COMMON BRANCH SUBJECTS IN DAY ELEMENTARY SCHOOLS (GRADES 1-6) UNDER ALTERNATIVE B REQUIREMENTS".

Alternative B, referred to in the title of the examination announcement, provided an option I and option II, with separate and distinct minimum preparation requirements for the subject license. Under option I, the minimum preparation requirements were as follows:

"OPTION I

"PREPARATION

"A. MINIMUM PREPARATION REQUIREMENTS

"By the date for meeting minimum preparation requirements, applicants must possess a permanent certificate, provisional certificate or certificate of qualification issued by the New York State Education Department valid for either:

"1. Teaching in the early childhood and upper elementary grades (N-6);

"or

"2. Teaching in the early childhood and upper elementary grades and an academic subject in the early secondary grades (N-9)".

The petitioner indicated on a form that she met the minimum preparation requirements for the subject license under option I. However, the board rejected her attempt to satisfy the

minimum preparation requirements under option I, since she did not possess a permanent certificate, provisional certificate or certificate of qualification issued by the New York State Education Department. The petitioner's counsel then advised the board that his client met the minimum preparation requirements for the subject license under option II, which provided in relevant part as follows:

"OPTION II

"I. PREPARATION

"A. MINIMUM PREPARATION REQUIREMENTS * * *

"2. Satisfactory evidence of <u>one</u> of the following alternatives:

"a. Achievement on the Core Battery Tests, prescribed by the Commissioner of Education for New York State certification for any area of school service, of at least the minimum scores required by the Commissioner on the date the examination was announced;

"or

"b. Possession of a certificate of qualification, provisional certificate, or permanent certificate issued by the New York State Education Department for any area of school service which was valid on the date the examination was announced;

"or

"c. Possession of a New York City license for any area of school service for which an appropriate New York State certificate exists and for which license requirements have been satisfied in full".

Specifically, the petitioner's counsel argued, by letter to the board dated December 26, 1985, that his client met the minimum preparation requirements for the subject license under clause c of paragraph 2 of subdivision A of part I of option II, by virtue of her possession of a valid substitute teacher's license.

In response, the board advised the petitioner's attorney that only a valid regular New York City license would be acceptable under that provision and that a "substitute license was never valid for appointed service".

The petitioner then commenced the instant proceeding. She alleged that the board's determination was arbitrary and capricious since she had met the eligibility requirement of

clause c of paragraph 2 of subdivision A of part I of option II in that she possessed a New York City license in an area in which the State issued certification (i.e., early childhood).

The Supreme Court, Kings County, (1) granted the petition to the extent of holding that the board's refusal to accept the petitioner's substitute license in the early childhood area in satisfaction of the minimum preparation requirements for a regular license in the common branch area was arbitrary and capricious, and (2) remitted the matter to the board for reconsideration.

The board's determination was not arbitrary or capricious and should have been deferred to by the Supreme Court *(Matter of Howard v Wyman,* 28 NY2d 434, 438). First, all parties agree that the word "license" in the title of the examination announcement refers to a regular, and not a substitute license. There is no indication that the use of the exact same word "license" in clause c of paragraph 2 of subdivision A of part I of option II meant anything other than what it clearly meant in the title of the examination announcement. Moreover, under Education Law § 2590-j (2), the Chancellor of the New York City Board of Education is mandated to promulgate "minimum education and experience requirements for all teaching * * * positions which shall not be less than minimum state requirements for certification". In response to the instant petition, the board submitted a memorandum from the Director of the New York State Division of Teacher Certification which indicated that all candidates for State certification were required to take the core battery tests with the exception of, insofar as is relevant herein, "[p]ersons *regularly* licensed by the boards of education in New York City" (emphasis added). As heretofore indicated, the core battery tests could also be used under clause a of paragraph 2 of subdivision A of part I of option II to satisfy the minimum preparation requirements for the subject license. Since possession of a "New York City license" is an alternative to the core battery tests under option II, as it is under the State certification process, the board acted properly in interpreting the word "license" as meaning a regular, and not a substitute, license. Accordingly, the determination must be confirmed and the petition must be dismissed on the merits. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.