OPINION OF THE COURT
Cosmo J. Di Tucci, J.
This matter and a factually related matter involving one *360 Betty Kaufman are both before this court based upon the petitioner’s application to involuntarily medicate each of the respondents. For purposes of judicial economy, both of these petitions will be addressed in this decision.
These two cases present parallel sets of facts. In both cases, the respondents are involuntary patients being retained in the petitioner’s facility on a two-physician’s certificate pursuant to Mental Hygiene Law § 9.27.
In the opinion of the petitioner both respondents are in need of treatment consisting, in part, of the administration of neuroleptic medication; both respondents have refused to be medicated and each has been determined to be unable to render a reasoned decision with regard to her treatment.
Each respondent has moved to dismiss on the following grounds:
1) the court has no jurisdiction of the subject matter of the proceeding; and
2) the petitioner fails to state a cause of action.
As to the first ground, each respondent argues that the petitioner failed to allow her counsel to participate or even attend the administrative review of Hillside Hospital’s staff doctors’ determination that the respondent needs the medication in question and is unable to render a reasoned decision with regard to her treatment. Therefore, the court lacks jurisdiction since this refusal is a failure to comply with required procedures, violates the Due Process Clause of the NY Constitution (art I, § 6) and that proper compliance is a condition precedent to this court exercising jurisdiction over the instant matters.
Specifically, the respondents cite: (1) 14 NYCRR 27.8 (c) and (d):
"Review of objection. Prior to initiating a treatment procedure over the objection of a patient, such objection: must be reviewed by the head of the service. The decision of the head of the service shall be communicated to the patient and his or her representative, if any, and to the Mental Health Information Service, and treatment may be initiated unless the patient or her or his representative chooses to appeal this decision to the director. The appeal procedure shall be in accordance with subdivision (e) of this section.
"Patient’s right to representative. Patients have the right to request that legal counsel or other concerned person represent *361 them in the formal appeal procedures authorized in this section.”
(2) 14 NYCRR 527.8 (c) (4) (ii) which reads in part: "Prior to requesting court authorization to treat an objecting patient on involuntary status, the clinical director of a facility or his or her designee must determine that treatment is in the patient’s best interests and that the patient lacks capacity to make a reasoned decision concerning treatment. In making such determination, the facility shall ensure compliance with the procedures described below. In the interest of speedy resolution of conflicts regarding treatment, each of the evaluations of a patient described below should be completed within 24 hours.” (3) Rivers v Katz (67 NY2d 485, 497-499 [1986]) in which it was held, inter alia:
"[T]here must be a judicial determination of whether the patient has the capacity to make a reasoned decision with respect to proposed treatment before the drugs may be administered pursuant to the State’s parens patriae power. The determination should be made at a hearing following exhaustion of the administrative review procedures provided for in 14 NYCRR 27.8. * * *
"Additionally, Mental Hygiene Law § 33.03 (b) (3) requires that 'in order to assure protection of patients in their care and treatment [there must be an] order of a staff member operating within the scope of professional license for any treatment or therapy based on appropriate examination’. We deem this requirement applicable to the administrative review process and hold that medical determinations as to the need to administer antipsychotic drugs must honor the patient’s due process rights and be made in accordance with accepted professional judgment, practice and standards.”
The petitioner argues that the respondents’ arguments are disingenuous since, pursuant to 14 NYCRR 527.8, the administrative appeal procedures found in 14 NYCRR 27.8 (e) have been abolished. Accordingly, the right to have counsel present at such an appeal is moot.
He contends that the procedure and scheme found in 14 NYCRR 527.8 (c) (4) (ii) is in the nature of a clinical review and not an appeal; and that the prior inadequate procedural safeguards found in 14 NYCRR 27.8 (e) have been superseded by the judicial hearing process required by Rivers (supra, at 498) and that it is at that hearing that the respondent’s right to counsel ripens.
*362 Although conceding that this procedure does not literally follow the procedure set out in Rivers (supra, at 497), petitioner argues that his interpretation of the new regulation is correct and well within the Commissioner of Mental Health’s authority since it is well settled that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Howard v Wyman, 28 NY2d 434, 438 [1971].)
The respondents argue that it is ironic that the petitioner interprets the new regulatory scheme found in 14 NYCRR 527.8 as providing less procedural safeguards than the old regulations and that such an interpretation is inconsistent with Rivers (supra) since it would preclude counsel from any role in the administrative review process and would render, meaningless, the required notice to the Mental Hygiene Legal Service found in 14 NYCRR 527.8 (c) (4) (ii) (a) which states, inter alia, "He shall also notify in writing the patient, MHLS, and any other representative of the patient of his determination and request, if any, for further review.”
While this court has grave doubts whether or not the Commissioner of Health could abolish the appeal procedures outlined in 14 NYCRR 27.8 (d) and (e) without legislative enactment (see, Note, The Nightmare Of Forcible Medication: The New York Court of Appeals Protects The Rights Of The Mentally Ill Under The State Constitution, 53 Brooklyn L Rev 885, 913 [1987]), this question need not be addressed by this court under the circumstances of this case.
While this court finds that respondents’ counsel need not participate in the procedures outlined in 14 NYCRR 527.8 (c) (4) (ii) (a), (b) (1), (2), it does find that due process as articulated by our Court of Appeals in Rivers (supra, at 497) and 14 NYCRR 27.8 (d) and 14 NYCRR 527.8 (c) (4) (ii) (b) (1), (2), (3), requires that respondents’ counsel be permitted to participate in the final administrative review described in 14 NYCRR 527.8 (c) (4) (ii) (b) (3). That review, while it may be conducted informally, is one in which the respondents are entitled to legal representation since it is, in effect, an adversarial proceeding which seeks to determine both the respondents’ need for treatment and their capacity to make a reasoned decision with regard to the necessity for that treatment.
Whether that procedure in and of itself violates Rivers (supra) since it, in fact, allows a director in some instances to *363 review his own prior decision is not addressed by this court in view of its disposition of these cases and this decision should not be viewed as support either for or. against such a proposition.
Accordingly, the respondents’ cross motions to dismiss these two petitions are granted and the matters are dismissed without prejudice to renewal after completion of final administrative review held in accordance with the procedure outlined herein.
In view of the above finding, this court expresses no opinion as to the validity of the second ground offered by the respondents in support of their cross motions.