■ In the Matter of PARKER MERIDIEN ASSOCIATES, Peti-tioner, v STANLEY E. GRAYSON, as Commissioner of Finance of the City of New York, Respondent.—Proceeding pursuant to CPLR article 78, transferred to this court by order, Supreme Court, New York County (Burton S. Sherman, J.), entered June 16, 1988, brought to review and annul a determination dated February 18, 1988, by respondent Commissioner of Finance of the City of New York, which, after a hearing, found that certain rooms had not been counted by petitioner in computing the tax due under the hotel room occupancy tax, and assessed petitioner with a tax deficiency, dismissed and the determination unanimously confirmed, without costs.

Petitioner Associates is the owner of the Hotel Parker Meridien in Manhattan. The hotel rents suites containing one or more bedrooms and certain spaces containing cooking facilities, which were alleged to be kitchens. The New York City hotel occupancy tax (Administrative Code of City of New

York, tit 11, ch 25) provides in section 11-2502 (a) (2) that "there shall be paid a tax for every occupancy of each room in a hotel in the city of New York [at specified rates]". Section 11-2501 gives the following pertinent definitions of terms as used in chapter 25. Occupancy is defined as: "The use or possession, or the right to the use or possession of any room or rooms in a hotel, or the right to the use or possession of the furnishings or to the services and accommodations accompanying the use and possession of the room or rooms." (§ 11-2501 [4].)

"Room" is defined as: "Any room of any kind, other than a bathroom or lavatory, in any part or portion of a hotel which is available for, or let out for, use or possession for any purpose other than a place of assembly as defined in section 27-232 of the code" (§ 11-2501 [6]).

The kitchens here at issue each contained between 43.48 and 58.19 square feet of space. Each had three walls and was entered through a doorway. A standard definition of "room" is "a portion of space within a building or other structure, separated by walls or partitions from other parts." (Random House Dictionary of English Language [unabridged ed].) "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *see also, Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471). The Commissioner's determination that the kitchens here in question were "rooms" subject to the law appears to us entirely reasonable and in accordance with the statutory definition. Petitioner's argument that a definition of a kitchen as "a living room used for cooking with fifty-nine square feet or more of floor area", which is expressly limited in application to the Housing Maintenance Code (Administrative Code § 27-2004 [a] [25]), should be controlling here, is without merit. In *Matter of Keane (Bethlehem Steel Co.—Lubin)* (2 AD2d 148, 152) Justice Gibson stated: "It seems clear that the definition prescribed by a statute for words used in that particular statute does not necessarily govern the construction of those same words, to say nothing of words merely similar, as they may appear in other acts, and, in fact, the reasons necessitating such a definition in a particular instance may sometimes militate against the general application of that definition."

We have considered the petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.