■ In the Matter of JAMES KUNZ et al., Respondents, v ELIN M. HOWE, as Commissioner of the Office of Mental Retardation and Developmental Disabilities, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered January 2, 1992 in Saratoga County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent approving the establishment of a group home.

By letter dated September 5, 1990, the Saratoga County Association for Retarded Citizens (hereinafter ARC) notified the Mayor of the City of Saratoga Springs, Saratoga County, that it was seeking to locate a community residential facility for mentally retarded and developmentally disabled persons (hereinafter the facility) in the City at 1 Loughberry Road. Thereafter, the City Council voted to challenge ARC's proposed site and recommended two alternative sites for placement of the facility. At a subsequent public meeting apparently held by the City Council, an owner of a private residence located at the corner of Loughberry and Gick Roads (hereinafter the Gick Road site) made an informal presentation to ARC regarding the possibility of using her home as the facility site.

At some point after the meeting, ARC rejected the two alternative sites proposed by the City, whereupon the City suggested three other alternative sites, none of which was the Gick Road site. ARC rejected these three additional sites as being unsatisfactory. ARC then requested a hearing to resolve the disagreement concerning the facility's location. Following the hearing, respondent determined, *inter alia,* that none of the alternative sites suggested by the City was either comparable or superior to ARC's proposed site. In reaching that

conclusion, respondent noted that she did not consider the Gick Road site as an alternative site because it had not been suggested by the City in accordance with Mental Hygiene Law § 41.34.

Petitioners commenced this CPLR article 78 proceeding challenging respondent's determination insofar as it failed to take into account the Gick Road site. Respondent moved to dismiss the petition on the ground that she had no right or obligation under Mental Hygiene Law § 41.34 to consider the Gick Road site. Supreme Court denied the motion and directed respondent to answer the petition. When the matter was renoticed for argument, Supreme Court annulled respondent's determination and remanded the matter to respondent for consideration of the Gick Road site. This appeal by respondent ensued.

In our view, Supreme Court erred in annulling respondent's determination. Under Mental Hygiene Law § 41.34 (c) (1) (B), a municipality has 40 days from its receipt of notification of the selection of a site for a community residential facility by the sponsoring agency to, *inter alia,* "suggest one or more suitable sites within its jurisdiction which could accommodate such a facility". If the alternative sites suggested by the municipality are not satisfactory to the sponsoring agency, the sponsoring agency is required to so notify the municipality, which then has an additional 15 days to suggest other alternative sites *(see,* Mental Hygiene Law § 41.34 [c] [4]). Here it is undisputed that, unlike the five sites suggested to ARC in writing by the City, the Gick Road site was not formally submitted by the City as a proposed alternative site during the initial 40-day statutory period or the subsequent 15-day statutory period. Nevertheless, petitioners contend that, because the Gick Road site was proposed to ARC at the public meeting which occurred within the statutory time frame and pursued by ARC as though formally suggested as an alternative site, respondent was required to consider the merits of the site. We disagree.

Initially, it is clear from the hearing record that the Gick Road site was suggested not by the City, but by a homeowner who admittedly engaged in only informal discussions with ARC. According to the testimony of ARC's executive director, ARC did not perceive the Gick Road site as being suggested by the City as a suitable alternative site during the statutory time periods, although ARC did go through the house with its architect subsequent to the homeowner's proposal to deter-

mine its feasibility as a facility location. In any event, there is nothing in the record to indicate that the Gick Road site was informally suggested by the City at the meeting, that it was proposed by the homeowner on the City's behalf or with its consent or, indeed, that it was even acceptable to the City.

Under these circumstances, we find that it was entirely rational and reasonable for respondent to conclude that there was a lack of compliance with Mental Hygiene Law § 41.34 (see, Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of State Bd. of Equalization & Assessment v Kerwick, 72 AD2d 292, 297, affd 52 NY2d 557) and, therefore, to refuse to consider the Gick Road site as a proposed alternative site. Contrary to Supreme Court's decision, we do not read Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off. (92 AD2d 543) as warranting a different result. While the court in that case determined that the incomplete formal written notice provided to the municipality by the sponsoring agency of its intention to establish a community residence did not warrant annulment of the administrative determination, it did not hold that it is irrational for respondent to require some formal action on the part of the municipality under Mental Hygiene Law § 41.34. Thus, Supreme Court's judgment should be reversed and the petition dismissed.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.