OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the defendants for an order pursuant to CPLR 3212 directing the entry of summary judgment will be granted to the extent of: declaring that the definition of home care services agency set forth in subdivision (2) of section 3602 *803 of the Public Health Law includes a business entity that refers clients to individual home health aides and receives a fee from the client for so doing, and permanently enjoining the plaintiff from operating her home health care referral business until such time as she is licensed as a home health care agency pursuant to article 36 of the Public Health Law. The defendants’ request for a judgment imposing a $2,000 fine against the plaintiff pursuant to section 12 of the Public Health Law will be denied for lack of merit.
Since 1979, the plaintiff has operated a business out of her home providing patients and their families with the names of home health aides. It is up to the patient or the family to contact the home health aide and work out the specific pay scale, hours, and duties. The plaintiff receives compensation directly from the patient or the patient’s family at a flat rate of 80 cents per hour for each hour the home health aide works for the client. Plaintiff does not conduct any investigation as to the qualifications of the aides, nor does she create a care plan for the patient, or maintain medical records. During 1990, the Department of Health received a complaint that the plaintiff was referring home health aides without being licensed as a home care services agency. Plaintiff took the position that the services that she rendered were not encompassed by the statutory definition of home care services agency. The defendants disagree.
Plaintiff brought this action for a judgment declaring that the provisions of section 3605 of the Public Health Law do not apply to her business, and enjoining the State from further interfering with her business. The State’s answer requests a judgment: declaring that an organization engaged in arranging for home health care services comes within the scope of article 36 of the Public Health Law and must be licensed under that article; assessing a civil penalty of $2,000 against the plaintiff pursuant to section 12 of the Public Health Law for operating a home health care agency without having a license; and permanently enjoining the plaintiff from the operation of a home health care agency until such time as she obtains a license. The essential facts are not in dispute, and the defendants seek summary judgment.
If the plaintiff, and other small businesses such as hers, are forced to comply with all of the requirements of article 36 of the Public Health Law, and the regulations thereunder, the cost of home health aides to the general public will undoubtedly increase. That is because the overhead expense of the *804 record keeping and supervisory duties the plaintiff and others performing similar functions will be required to perform must be passed along in the price she charges. In a time of rising health care costs, that hardly seems a worthy goal of State government. Moreover, to those adherents of free enterprise still operating within this State it is no doubt abhorrent that a patient or his or her family cannot hire an agent to assist in employing a home health aide without that agent being subject to the requirement of having a license from the Department of Health. Be that as it may, the construction given to a statute by the agency charged with implementing it should be upheld if not irrational (Matter of Howard v Wyman, 28 NY2d 434). Subdivision (2) of section 3602 of the Public Health Law provides as follows: "2. 'Home care services agency’ means an organization primarily engaged in arranging and/or providing directly or through contract arrangement one or more of the following: Nursing services, home health aide services, and other therapeutic and related services which may include, but shall not be limited to, physical, speech and occupational therapy, nutritional services, medical social services, personal care services, homemaker services, and housekeeper or chore services, which may be of a preventive, therapeutic, rehabilitative, health guidance, and/or supportive nature to persons at home”.
Clearly, the plaintiff’s business is an organization engaged in arranging for home health aide services. The fact that the plaintiff does not provide or supervise those services does not mean that she is not arranging for them when she provides her clients with a list of home health aides. Since the defendants’ interpretation of the statute is not irrational, it will be upheld. That being the case, plaintiff will be enjoined from operating her home health care referral service until such time she has been licensed under article 36. Finally, this record simply does not support imposing a fine against the plaintiff under section 12 of the Public Health Law in view of the uncertainty prior to this opinion as to whether article 36 of the Public Health Law applied to her.