Gabrielli, Jones and Wachtler, JJ.
(dissenting). We dissent and vote to affirm the order of the Appellate Division which determined that George R. Arney is not qualified to be a candidate for the primary election upon the ground that he has filed an insufficient number of valid signatures to permit him to be on the ballot. Special Term’s findings have been affirmed by an unanimous Appellate Division; and both courts below have determined that appellant Arney has an insufficient number of untainted signatures to qualify him as a candidate in the primary election to be held September 9, 1980. In effect, the majority holds that the State Board of Elections was without jurisdiction to entertain the objections to the Arney petitions, upon the ground that the specifications mailed and filed pursuant to law by the objector arrived at the Board of Elections on the seventh day following receipt by the board of the original objections.
Although the question of lack of jurisdiction was unanimously rejected by both courts below and, further, although *102 the jurisdiction question was not fully briefed the majority has, nevertheless, reversed on this ground. In doing this they have validated petitions which although accepted by the Board of Elections were found by the lower courts, also with unanimity, to be tainted by "a general scheme or method of operation” which resulted in changes being made on the petitions after the subscribing witnesses had executed their statements.
The objector, in bringing these irregularities to the attention of the Board of Elections, was following a procedure which, as we have been advised by counsel, has long been accepted by the Board of Elections. Indeed, in this very case, the board advised the objector by mail to follow this procedure. Unfortunately, the critical issue has not been briefed as fully as would have been desirable and was reluctantly pursued by the parties and in the twilight hours shortly before the primary election.
More important they have invalidated a procedure long followed, as we are advised, by the Board of Elections heedless of the consequences and without allowing sufficient time to consider the consequences or to hear from the agency whose responsibility it is to administer the Election Law throughout the State. This is jurisprudentially unsound.
We cannot concur in the disposition reached by the court today. Based upon solid jurisprudential authority and procedure, we would prefer to follow the precedent established in another election case in somewhat similar circumstances, namely, on reconsideration to recall our determination of September 2, 1980 and deny the application for leave to appeal (cf. Matter of Taylor v McNab, 40 NY2d 821). Stare decisis and sound judicial policy ought to require such a disposition. In that connection and dealing with an election law matter just one year ago, we took pains to elevate stare decisis to the position which it deserves (Matter of Higby v Mahoney, 48 NY2d 15). The principle is no less valid today.
The majority disposes of this case on a jurisdictional ground involving the interpretation of a statute of broad application throughout the entire field of election law, with potentially far-reaching ramifications. Although it is true that the proposition which the majority today adopts was advanced in both courts below, it was rejected without any writing at nisi prius and was not addressed by the Appellate Division. As stated, *103 what has proved to be the determinative issue was not fully developed before our court.
On such argument we were informed that it has been the uniform practice of the State Board of Elections to interpret that sentence of subdivision 1 of section 1-106 of the Election Law which reads in part that "[a]ll papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be deemed timely filed and accepted for filing when received” as prescribing that the date of . receipt of the mailing shall be the date of filing for purposes of computing periods of time thereafter within which related action under the Election Law is required to be taken. The record in this case discloses that on July 31, 1980 the Executive Director of the State Board of Elections advised Mary Bush, the objector in this case, that her objection to the designating petition of George R. Arney was received on July 31, 1980 and that "Specifications setting forth in detail the grounds of objections to said designation are required to be filed in this office no later than August 6, 1980.”
It may be that opportunity for deliberative consideration of the legislative history of this statutory provision, of the basis on which the State Board of Elections predicates its interpretation of the statute and of the practical consequences which may attend the court’s reading of the statute might possibly result in a varying interpretation. We are obliged to conclude, however, that the submission so far made to us provides the court with an insufficient jurisprudential basis on which to ground a considered determination, which is the obligation of this court. We are particularly handicapped by the circumstance that the State agency charged with responsibility for administration of the Election Law, a nominal party to the proceeding, has not furnished us with any expression of its views (cf. Matter of Howard v Wyman, 28 NY2d 434, 438). We are unwilling to overturn the interpretation placed on subdivision 1 of section 1-106 by the board upon the analysis tendered by the majority and without the benefit of such an expression by the board.
Nonetheless, and in view of the holding by the majority, we are required to proceed with what we each perceive to be the legal conclusions to be reached based upon the relevant statute and the papers submitted to us.
It is not and, indeed, cannot be disputed that objections were properly posted and mailed on July 28, 1980; that in *104 accordance with the provisions of subdivision 2 of section 6-154 of the Election Law, these objections were accepted for filing on July 31, the date when they were received by the Board of Elections; that the required specifications were duly mailed by the objector on August 5 and were received by the Board of Elections on August 7.
No persuasive authority or precedent is cited to sustain the analysis offered by the majority. Indeed, none is available to them for the statutes governing these procedures and, indeed, the directive of the State Board of Elections to the objector unmistakenly and clearly provided that specifications were "required to be filed * * * no later than August 6, 1980”.
Section 1-106 of the Election Law provides, in pertinent part, that all papers required to be filed which are "sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be deemed timely filed and accepted for filing when received” (emphasis added). Put another way, papers are timely filed if postmarked prior to the expiration of the appropriate time period, but they are deemed to be actually filed for purposes of triggering time periods for subsequent filings on the date they are received, as clearly stated in the statute. Here the specifications were timely filed within the period prescribed by section 6-154 of the Election Law, they having been postmarked on August 5, but five days after the filing of objections on July 31.
Parenthetically, if section 1-106, applicable to all filings under the Election Law, is read to hold that papers are deemed actually filed on the day they are postmarked and then if the mail is delayed in delivery, the majority’s holding would or could well require that objections may have to be filed before the petitions are even seen by a potential objector. For example, section 6-154 requires that objections must be filed within three days of the "filing” of the petitions, and specifications must be filed within six days of the filing of objections. Upon the analysis of the majority, if the mail is delayed beyond three days, then objections would be required to be filed before the objector had any opportunity to view the material he was objecting to. Obviously, the Legislature could not have intended and indeed did not intend that an objector be expected to specify grounds for invalidating a petition before he was even given an opportunity to see the petition. This is precisely the problem the Legislature intended to *105 prevent in its use of the words "when received” in section 1-106.
Section 1-106 of the Election Law also provides for filing of objections to petitions and/or specifications for the City of New York. We take pains to point out that the statute, for papers to be filed in New York City, specifically requires that papers "must be actually received by such city board of elections on or before the last day to file any such petition, certificate or objection”. It must be, and indeed is evident that had the Legislature intended that in the areas outside of the city specifications be actually received within six days of the filing of objections, the statute would have clearly so stated. The Legislature, for good and valid reasons, determined that the filing requirements for rural and up-State areas be governed by the quoted provisions of section 1-106 declaring that these documents, when filed as in this case, "be deemed timely filed and accepted for filing when received”.
The correct interpretation of section 1-106 and the appropriate time constraints in section 6-154 is vividly explained and documented by the directive of the State Board of Elections, sent to the objector in this case — your specifications must be filed within six days after our receipt of your objections.
The State Board of Elections is the agency (Election Law, § 3-100) which by statute is mandated and delegated to supervise the filings of all petitions, objections and specifications (Election Law, § 3-102, subd 1). Subdivision 1 of section 3-102 empowers the board to "issue instructions *' * * relating to the administration of the election process”. The clear interpretation by the board as noted in the directive and instructions in the above-quoted letter comports with legislative intent as previously noted. Importantly, not only is this directive by the board a correct interpretation of time limitations but, even if it were not we must also recognize that this explicit official notification led, or could have led, the objector to file the papers as she did in this case.
The majority unrealistically dismisses the problem of objections and specifications becoming due before the petition leaves the mailman’s hands. They suggest that the problem need not be considered because it is not before us today and because the Legislature could obviate the problem. We believe this could create a dangerous precedent. As the dissenter in another case suggested, the increasing demands upon a legislator’s time, the fact that a majority within a Legislature may *106 have no opinion, and the realities of the legislative process militate against our relying on the Legislature to correct by piecemeal amendment an "erroneous decisional interpretation of an isolated section” (see Matter of Higby v Mahoney, 48 NY2d 15, dissenting opn, at p 28, supra).
For all the foregoing reasons, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Fuchsberg and Meyer concur in Per Curiam opinion; Judges Gabrielli, Jones and Wachtler dissent and vote to affirm in a memorandum.
Order reversed, without costs, the petition** dismissed and the State Board of Elections directed to place appellant’s name on the appropriate ballots.