■ In the Matter of St. Luke's-Roosevelt Hospital Center, Appellant, v New York State Public Service Commission et al., Respondents. — Appeal

from a judgment of the Supreme Court at Special Term (Pitt, J.), entered November 26, 1980, in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Service Commission. In 1958 petitioner St. Luke's-Roosevelt Hospital Center executed two agreements with respondent Consolidated Edison Company of New York, Inc. (Con-Ed), to obtain steam at its facilities. Both contained many identical terms and the transaction allowed petitioner to select between the rates provided for in one under service classification No. 3 or the rates specified in the other under service classification No. 2. While projected expansion of petitioner's capacity and operations was anticipated to increase its need for steam so that total costs would eventually be lower at the No. 2 rates, service was initiated at the No. 3 classification and was continued on that basis until 1966 when Con-Ed changed petitioner's billings to reflect charges under the No. 2 schedule. In 1978 Con-Ed reverted to collecting the No. 3 rates. In 1979 petitioner disputed the original 1966 rate change. At the same time, however, petitioner also sought the intervention of respondent Public Service Commission to effect a retroactive adjustment of the allegedly higher charges imposed during the intervening 13-year period. Its complaints were rejected following an informal procedure which entailed the submission of documents and briefs by the parties, and the instant article 78 proceeding was then commenced to annul the commission's ruling. Assuming the Public Service Commission had jurisdiction to examine the substance of petitioner's claims and, if meritorious, to direct an appropriate remedy, we detect nothing arbitrary in its resolution of the matter. Central to the various arguments urged by petitioner was its position that Con-Ed lacked proper authorization to switch to the No. 2 rates in 1966. Detailed consideration need not be given to the Public Service Commission's reasoning on collateral issues for it was entirely reasonable for that body to conclude that petitioner's inordinate delay in raising such an objection warranted the denial of its complaint (cf. *Matter of Howard v Wyman*, 28 NY2d 434). Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.