■ In the Matter of FRANK H. SEYLER, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered February 11, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a decision of the Comptroller calculating petitioner's retirement benefits. The issue before us is whether the petitioner should have his retirement benefits calculated pursuant to section 387-a or 375-i of the Retirement and Social Security Law. The Comptroller held that petitioner's retirement must be calculated pursuant to section 387-a of the statute and Special Term concurred with such finding. The facts underlying this dispute are uncontested. The petitioner was a member of the Town of Babylon Police Department since January 16, 1950 and as such he was covered by a 20-year retirement plan pursuant to former section 87 of the Retirement and Social Security Law. The Babylon Police Department was incorporated into the Suffolk County Police Department on January 1, 1960. On July 1, 1967, the former provisions of section 87 of the Retirement and Social Security Law were incorporated into section 387-a of the same statute. It provided for a 20-year noncontributory retirement plan for Suffolk police. Petitioner opted for coverage under this plan on October 30, 1967. On December 16, 1976, petitioner elected to participate in an optional 20-year retirement plan pursuant to section 384-d of the Retirement and Social Security Law. He withdrew his participation from the section 384-d plan on December 21, 1977. Petitioner retired on March 20, 1978. The Comptroller calculated petitioner's retirement benefits pursuant to section 387-a of the Retirement and Social Security Law. Petitioner requested that his retirement allowance be recalculated pursuant to section 375-i but his request was denied. Section 375-i of the Retirement and Social Security Law provides for additional retirement allowances for members who are 55 years of age and have rendered more than 25 years of service. The provisions of section 375-i are voluntary and are applicable only if the participating employer has elected to extend its benefits to its employees. Suffolk County has opted for this plan. Petitioner served as a police officer for 28 years and 3 months. Four months after petitioner's retirement, on July 24, 1978, chapter 617 (§1) of the Laws of 1978 was passed. It closed the retirement plan offered under section 387-a to new members as of January 1, 1979. The effect of the legislation is that police who now rescind their election under section 384-d fall under section 375-i of the Retirement and Social Security Law. This specificially affects police officers of Suffolk County in that the options of section 387-a are no longer open to them. Petitioner contends that he should be placed under section 375-i of the statute and that the respondent's actions were arbitrary and capricious in denying him such benefits and are discriminatory and unconstitutional under the New York State Constitution. We affirm Special Term's dismissal of the petition. The Comptroller's determination to calculate petitioner's retirement benefits pursuant to section 387-a is reasonable and rational. It is fundamental law that when the construction given a statute by the agency responsible for its administration is reasonably and rationally interpreted, such should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434). Under the statutory scheme of the Retirement and Social Security Law there is no mechanism to permit election to the benefits of section 375-i. It is a plan which comes into play when no other benefits are available to a retiree. The petitioner thus was not able to opt for its benefits. He was also not covered by it by operation of law since his retirement antedated a change in the law which would have made section 375-i applicable to him. The petitioner fails to set out in his

petition facts sufficient to support his allegations of discriminatory or unconstitutional treatment. The judgment of Special Term should be affirmed. Judgment affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.