■ In the Matter of WALTER RUCKGABER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application to elect benefits provided by subdivision f of section 384 of the Retirement and Social Security Law. Petitioner, a member of the Police Department of the Village of Lake Success from 1946 until his retirement at the end of 1981, was originally enrolled in the pension plan provided for by section 384 of the Retirement and Social Security Law. In 1967, he withdrew from the section 384 plan and joined the pension plan governed by section 384-d, which the village had apparently adopted recently as an optional retirement plan for its policemen. Under the section 384-d plan, petitioner was entitled to retire at half pay after 20 years, instead of 25 years as provided by the section 384 plan. In 1981, the village elected to add the optional benefit of subdivision f of section 384 to its section 384 retirement plan. Subdivision f of section 384 allows an additional increment in pension benefits, upon retirement, for each year of service exceeding 25 years. Petitioner sought to change his enrollment to the retirement plan containing this option. His application was denied and this proceeding ensued. Respondent's denial of petitioner's application is based upon the conclusion that subdivision f of section 384 provides an optional benefit available only to members of the section 384 retirement plan and that petitioner is statutorily not eligible to become a member of the section 384 plan. Analysis of the statutes clearly supports the Comptroller's conclusion that the subdivision f of section 384 option is available only to members of the section 384 plan. Thus, subdivision g of section 384 conditions the increased pension provided for in subdivision f upon the participating employer electing to provide the benefit and assuming the additional cost thereof on account of all members "who are contributing under the provisions of *this section*" (emphasis added). As to petitioner's eligibility to join the section 384 plan, application must be made within one year of joining the retirement system or within one year of the employer's election to offer the section 384 plan (Retirement and Social Security Law, § 384, subd b). Petitioner contends that by offering the benefit of subdivision of section 384 the employer had in effect elected to offer a whole new retirement plan and that the one-year period to elect enrollment ran anew. There is no merit in this contention. As noted above, subdivision f of section 384 merely creates an additional benefit for members of a section 384 plan, available at the option of the participating employer. Here, the section 384 plan had been in existence for years when the employer elected to include the additional subdivision f of section 384 benefit, and in fact petitioner had previously been enrolled under that plan. No new plan was created; the existing plan was continued with an additional benefit available. Finally, petitioner maintains that he was entitled to transfer into the section 384 plan

pursuant to special legislation enacted in 1980. The Laws of 1980 (ch 482, § 1) provide that any participating employer which has elected to make section 384 or 384-d available may further elect to allow those who have not timely applied to participate in the plans, through no negligence of their own, to enroll in the plans. Since petitioner had timely enrolled in the section 384 plan and later timely elected to switch to the section 384-d plan, he plainly is not covered by the provisions of the Laws of 1980 (ch 482, § 1). In short, the Comptroller's determination is based upon his construction and interpretation of the applicable provisions of the Retirement and Social Security Law. Since the construction and interpretation adopted by the Comptroller is reasonable and has a rational basis, it should be upheld (*Matter of Seyler v Regan,* 81 AD2d 736). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.