■ In the Matter of Members of Fireboat Edward M. Cotter, Petitioners, v Edward V. Regan, as Comptroller of the State of New York, Respondent. —

*Proceeding* pursuant *to* CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioners' application for membership in the State Policemen's and Firemen's Retirement System. ¶ Petitioners contend that pursuant to sections 302 and 340 of the Retirement and Social Security Law, they are entitled to its benefits. Petitioners comprise the officers and crew of the Fireboat *Edward M. Cotter*, which responds to all fires occurring on the waterfront of greater Buffalo. It is petitioners' responsibility to get the boat to the scene of fires and to position it appropriately so that fire fighters from Engine No. 13 who board the boat on fire calls can utilize the turrets and hoses on the boat in fighting fires. Members of Engine No. 13 constitute the fire fighting crew and petitioners constitute the marine crew. The marine crew has also in the past assisted in operating the turrets and handlines used to deliver water when the need arose. The boat performs other duties as well, such as breaking up ice in Lake Erie during winter. ¶ Qualifying exams for the men who man the fireboat require knowledge and skills essential to the operation of the vessel and equipment maintenance. They receive no training in fire fighting techniques, nor are such skills required for their positions. ¶ The Comptroller determined that petitioners are not firemen and are not entitled to membership in the Policemen's and Firemen's Retirement System. He has held that the following criteria must be met for eligibility: ¶ "1. The employee must hold the title of firefighter or fire officer; ¶ "2. His duties require that he respond to and fight fires; and ¶ "3. His duty statement must require prior service as a firefighter and provide for promotion in the firefighting ranks." ¶ The Comptroller is vested with the sole authority to determine eligibility for membership in the Policemen's and Firemen's Retirement System. Section 302 of the Retirement and Social Security Law defines what constitutes fire service and section 340 of said law indicates what constitutes membership in the Policemen's and Firemen's Retirement System. The criteria set by the Comptroller comport with the legislative intent enunciated in these statutes. ¶ His determination that petitioners do not meet this criteria is supported by substantial evidence, is reasonable and has a rational basis. In such instance, the determination should not be disturbed (*Matter of Ruckgaber v Regan*, 95 AD2d 892). The duties and functions performed by petitioners do not conform with the accepted understanding of what constitutes fire fighting. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.