■ In the Matter of PHILIP CAPUTO, as the Natural Father of SUSAN CAPUTO, a Mentally Disabled Person, Petitioner, v ARTHUR Y. WEBB, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities dated July 24, 1985, which sustained a determination of a Hearing Officer which transferred a handicapped individual from one community residential facility to another on the ground that a transfer was in her best interest.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner is the father of a mentally retarded and blind woman who for 11 years had resided at an intermediate care facility owned and operated by the Association for the Advancement of Blind and Retarded, Inc. (hereinafter AABR). When, pursuant to new interpretation of Federal regulations, the client, Susan, could not be certified as self-preserving, a transfer to a new facility was mandated (14 NYCRR 686.2 [c] [4] [vi]). This move was opposed by the petitioner. It is clear, however, that the evidence adduced at the hearing justified the Hearing Officer's decision, as sustained by the respondent, that the move to the new facility was in Susan's best interest. In addition to being a suitable place for non-self-preserving individuals, the new facility offers equivalent or greater care to the client and hence the transfer is clearly in her best interest. As this determination is supported by substantial evidence (CPLR 7803 [4]) it should not be disturbed *(see, Matter of Schorr v Weinberg, 129 AD2d 645, 646).*

We have examined the petitioner's remaining contentions and find them to be without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.