**Mary FLOWERS, Plaintiff,**

v.

**George SMITH, et al., Defendants.**

**Civ. A. No. E87–0070(L).**

United States District Court,
S.D. Mississippi, E.D.

Oct. 21, 1988.

Ray Charles Evans, Glenda R. Haynes, Forest, Miss., for plaintiff.

George Monroe, Newton, Miss., for defendants.

### MEMORANDUM OPINION
### AND ORDER

TOM S. LEE, District Judge.

Plaintiff Mary Flowers is a tenant residing in public housing in Newton, Mississip-

pi. The housing program covering plaintiff's residence is governed by Section 2 of the United States Housing Act of 1937, § 2, as amended, 42 U.S.C. § 1437 *et seq.* (1970), and specifically 42 U.S.C. § 1437f. The housing programs in the Newton area are administered by the Mississippi Regional Housing Authority No. 5 (MRHA No. 5 or Housing Authority), a political subdivision of the State of Mississippi, and George A. Smith as Executive Director of MRHA No. 5. The Board of Commissioners for MRHA No. 5, of which defendant W.K. Prince is Chairman and defendants Thomas Booker, O.C. Barman, Irvin McRae, W.E. Walters, James Shepard, George G. Hancock and D.C. Caldwell are members, is the governing body for this political subdivision pursuant to Miss.Code Ann. § 43–33–103 to 133 (1972). The court's jurisdiction is invoked by plaintiff under the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437, the fifth and fourteenth amendments to the United States Constitution, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201–02.

Plaintiff brought this action challenging the Housing Authority's having assessed her with retroactive rent based on a lump sum award of supplemental security income benefits received by her. Plaintiff alleges a due process violation due to MRHA No. 5's failure to furnish her with notice that such an assessment would be made and in failing to provide her an adequate avenue for challenging defendants' actions relative to the assessment of rent. The facts relevant to plaintiff's charges have in large part been stipulated by the parties. Based on those stipulations, together with the evidence adduced at the nonjury trial of this cause, the court finds as follows.

Since 1977, Mrs. Flowers has been a tenant of the MHRA No. 5, project number 30–15, a federally subsidized housing unit located at 104 Ora Street, Newton, Mississippi. Mrs. Flowers' tenancy was governed by a lease executed with MRHA No. 5 on February 17, 1977. Her lease automatically renewed for successive terms of one month upon payment by her of basic rental payments which were due on the first day of each month. Section IV of plaintiff's lease requires that the tenant, once each year as requested by the Housing Authority, furnish accurate information to the Housing Authority for its use in determining whether the tenant's rental payments should be changed, whether the dwelling size continues to be appropriate for the tenant's need and whether the tenant is still eligible for low rent housing. A tenant's annual rent, which is based on annual income, can be raised or lowered as a result of this annual recertification. According to the terms of the lease, a tenant is not required to report any interim changes of income that occur between annual recertifications, regardless of whether income increases or decreases. A tenant may, however, upon his request, be recertified if certain situations occur such as the lessee's becoming permanently disabled. If a tenant does request a reexamination, he is then required to report interim changes in income.

In July 1984, Mrs. Flowers went through the annual recertification process. Shortly thereafter, on September 14, 1984, she requested a reexamination of her income because she had become disabled and was no longer employed. Her basic rental payment was at that time reduced to three dollars a month and remained at that figure through her 1986 annual recertification which occurred in June of that year. However, in July of 1986, plaintiff received an award certificate granting her a period of disability under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* According to the award certificate, her onset date of disability was December 19, 1984. Consequently, Mrs. Flowers received a lump sum award of supplemental security income benefits (SSI benefits) covering the period from December 1984 to June 1986 in the amount of $6,033.

Plaintiff was notified on August 18, 1986 by the Housing Authority that her monthly rent would increase to sixty-five dollars. This increase in rent, Mrs. Flowers testified, was expected. However, she also received an additional notice that she was being assessed retroactive rent in the

amount of $1810 on the lump sum award of SSI benefits she had received. Plaintiff made no response to that notice and a second notice, dated November 7, 1986, was sent to her by defendant George Smith advising her that she owed the sum of $1810 and seeking to collect that amount. Plaintiff, believing that the Housing Authority was incorrect in treating the lump sum SSI payment as income for rental assessment, invoked the grievance procedures of MHRA No. 5, procedures required to be established by 42 U.S.C. § 1437d(k) and promulgated pursuant to the rules and regulations of the Department of Housing and Urban Development (HUD). An informal conference was held between the Housing Authority, plaintiff and her attorney on January 15, 1987.[1] When no agreement could be reached between the parties, Mrs. Flowers requested a grievance hearing as provided by section 4 of the Housing Authority's grievance procedures. A formal hearing was held on February 9, 1987 before a grievance hearing panel at which Mrs. Flowers, represented by counsel, produced witnesses to support her claim and examined witnesses on behalf of MRHA No. 5. The panel, on February 13, issued a written decision in favor of plaintiff on the ground that she had not received proper notice of the HUD regulations upon which the Housing Authority had relied in assessing rent on her lump sum award of SSI benefits.

Without prior notice to plaintiff or to her counsel, the Board of Commissioners for MRHA No. 5 reviewed and reversed the decision of the grievance panel. The Board adopted a resolution to reverse the hearing panel's decision and by letter dated March 16, 1987, plaintiff was given notice to vacate her dwelling unit. Her request that the Board reconsider its decision was denied and subsequently, eviction proceedings were instituted by the Housing Authority in the Justice Court of Newton County, Mississippi. After the justice court judge ordered that plaintiff vacate the premises, she instituted the present action. The parties agreed that pending a determination by this court, plaintiff would be allowed to remain at the residence. The parties before this court also agreed that Mrs. Flowers was not given an adequate opportunity before the justice court to be heard and as such, they further agreed that those proceedings should be treated as a nullity.

An issue presented to this court for consideration is whether the Housing Authority's assessment of rent on Mrs. Flowers' lump sum award of SSI benefits was improper by virtue of its failure to notify her, prior to such assessment, that any award of lump sum SSI benefits would be treated as income for rent calculation purposes. A further issue for determination is whether the grievance procedures utilized by MRHA No. 5 violated plaintiff's rights to procedural due process by not affording her notice and an opportunity to be heard prior to the decision by the Board of Commissioners of MRHA No. 5 to reverse the ruling of the hearing panel that was in her favor.

Under Section 2 of the United States Housing Act governing plaintiff's occupancy of the dwelling at 104 Ora Street, the amount of rent to be paid by each tenant is determined by reference to the household income of the unit. Under the statutory provisions of the Act, the Secretary of the Department of Housing and Urban Development has promulgated regulations codified in 24 C.F.R. § 913 *et seq.;* specifically, 24 C.F.R. § 913.106(b)(4) provides the definition of annual income as including, *inter alia,*

> [t]he full amount of periodic payments received from social security, annuities, insurance policies, pensions, disability or death benefits and other similar types of periodic receipts, *including a lump-sum payment for the delayed start of a periodic payment.* (emphasis supplied)

The Housing Authority's determination that plaintiff's lump sum SSI benefits would be treated as income for purposes of

---

**1.** According to the testimony of George Smith, an earlier conference had been scheduled, but plaintiff failed to appear at the time scheduled.

computation of rental payments was based on this section. Plaintiff contends that this regulatory provision cannot be properly applied in this case because she did not receive notice of the provision which became effective in May 1984, after her tenancy had commenced. Prior to the effective date of the regulation, lump sum awards of SSI benefits had not been considered income for purposes of rent calculation.

■ It is apparently plaintiff's position that in order for the Housing Authority's assessment of rent on her SSI lump sum award to have been proper, it must first have personally notified her that such an assessment would follow her receipt of such benefits. That is, she contends that she was entitled to notification of the change in HUD regulations in order for MRHA No. 5 to charge rent based on the lump sum SSI disability payment. The Housing Authority, on the other hand, asserts that it was not necessary that it notify Mrs. Flowers of any change in the HUD regulations but that even if such notice were necessary, adequate notice was in fact given to her. In this regard, George Smith testified at trial that, consistent with HUD regulation requirements, the policies of MRHA No. 5 governing admission and continued occupancy of housing projects in the district, along with a copy of MRHA No. 5's grievance procedures, were posted at all offices of the Housing Authority at which applications were taken and rent was paid by tenants. The provision defining annual income to include a lump sum payment for the delayed start of a periodic social security payment was included at section six, paragraph (b)(2)(d). Smith explained that the policies in effect for MRHA No. 5 at any given time were always posted on a bulletin board located in the office of the Housing Authority. Plaintiff, in her own testimony, stated that during each month of her tenancy, she had paid rent at the Housing Authority office. She agreed that there was a bulletin board on the wall in the office but denied having ever seen the policies referred to by Smith. Plaintiff also testified, however, that at the times she was at the Housing Authority office, she did not have her eyeglasses,

without which she could not read what was on the bulletin board. The fact that Mrs. Flowers, due to poor vision, may have been unable to see what was there for her to read is obviously an insufficient basis upon which to predicate a due process violation. The question, in the court's view, is whether the posting of MRHA No. 5's policies, as opposed to direct communication with each tenant concerning changes in HUD regulations, is sufficient to satisfy the requirements of due process.

The HUD regulation regarding the posting of policies, rules and regulations is found at 24 C.F.R. § 966.5 and provides as follows:

> Schedules of special charges for services, repairs and utilities and rules and regulations which are required to be incorporated in the lease by reference shall be publicly posted in a conspicuous manner in the Project Office and shall be furnished to applicants and tenants on request. Such schedules, rules and regulations may be modified from time to time by the [Housing Authority] provided that the [Housing Authority] shall give at least 30–day written notice to each affected tenant setting forth the proposed modification, the reasons therefor, and providing the tenant an opportunity to present written comments which shall be taken into consideration by the [Housing Authority] prior to the proposed modification becoming effective. A copy of such notice shall be:
>
> (a) Delivered directly or mailed to each tenant; or
>
> (b) Posted in at least three (3) conspicuous places within each structure or building in which the affected dwelling units are located, as well as in a conspicuous place at the project office, if any, or if none, a similar central business location within the project.

Plaintiff interprets this regulation to require the Housing Authority to give the notice described in subsections (a) and (b) to affected tenants any time a certain group of tenants are affected by HUD's change in regulations or policy. She contends that as to HUD's modification of the

definition of annual income to include lump sum social security awards, she would be such an affected individual entitled to written notice of the change in policy. Therefore, she concludes that the Housing Authority's failure to give her notice of the change violated her rights under the fourteenth amendment of the United States Constitution. However, the notice provisions of section 966.5, under the clear language of the section, apply only to rules and regulations "which are required to be incorporated in the lease." In this regard, 24 C.F.R. § 966.4 identifies and enumerates the subject matter of terms which must be contained in each tenant's lease. Only those rules and regulations which modify lease provisions are subject to the notice requirements of section 966.5. Information concerning the computation of rent is not required by 24 C.F.R. § 966.4 to be included in leases and hence is not subject to the notification requirements relied on by Mrs. Flowers.

Moreover, in her testimony at trial, plaintiff stated that she never informed the Housing Authority that she intended to or that she had in fact applied for supplemental security income benefits. It was her position that under her lease, she was not required to so notify the Housing Authority.[2] Thus, if, as plaintiff contends, a tenant is under no obligation to notify the Housing Authority that he or she intends to or has applied for social security benefits, then the Housing Authority would not be in a position to know which of its many tenants would be subject to notification that such benefits, when received, would be treated as income and considered in rental calculation. That is, the Housing Authority would not know which tenants were "affected" by the change in regulations and thus would not know to whom notice was required to be given. In fact, if the court were to accept Mrs. Flowers' testimony that she did not notify the Housing Authority that she planned to file for SSI benefits, it would seem that the Housing Authority was thus unaware that she had applied for or was eligible to receive benefits until after she had actually been found disabled and received the lump sum award of benefits. In the court's opinion, plaintiff's position is unreasonable as it would place upon the Housing Authority the undue burden of determining, with no input from the tenants, which tenants anticipated applying for or receiving social security benefits. Accordingly, the court finds that the posting of the policies of MRHA No. 5 on the bulletin board at the Housing Authority office was a sufficient method of notification to tenants, and in particular to plaintiff, of the rule modification pursuant to which lump sum social security awards became treated as income.

■ Plaintiff next urges that 24 C.F.R. § 913.106(a)(4), the provision upon which the Housing Authority relied in assessing rent on plaintiff's award of lump sum benefits, does not provide for the inclusion of lump sum awards of supplemental security income benefits under Title XVI of the

---

2. At trial, the defendants introduced proof that when Mrs. Flowers, in September 1984, sought an interim reexamination of her income, she supplied to the Housing Authority the pertinent information which was recorded by Housing Authority office personnel on an "application for continued occupancy." According to the testimony of Gene Williams, a Housing Authority tenant selector, Mrs. Flowers informed the Housing Authority, through Gloria Bender, a secretary/cashier, that she intended to apply for supplemental security income benefits because she was not able to work. Accordingly, a notation was made on the application for continued occupancy which stated "will apply for SSI disability." It was also intimated by the testimony presented by defendants at trial that Mrs. Flowers, upon informing the Housing Authority that she intended to apply for SSI benefits, was told

that any award would be subject to treatment as income for rental purposes. Mrs. Flowers denied having told any Housing Authority personnel, in September 1984, that she anticipated applying for SSI benefits, stating that she herself did not decide to file for benefits until December 1984. She further denied that anyone from the Housing Authority explained to her the effect that receipt of benefits would have on the rent computation. However, the court credits the testimony of Gene Williams that Mrs. Flowers did in fact notify the Housing Authority of her intent to apply for benefits. The court also notes that plaintiff's testimony to the contrary is not credible and casts doubt on plaintiff's further testimony that she was not told that an award of benefits would be subject to an assessment of rent.

Social Security Act.[3] Plaintiff contends that unlike social security benefits, supplemental security awards are based upon need, not disability only, and that a lump sum award of supplemental security income benefits does not come within the purview of 24 C.F.R. § 913.106(a)(4). However, the fact that the provision refers to "periodic payments received from social security," and does not specifically refer to *supplemental* security income benefits does not preclude an interpretation of the regulation to include both types of benefits. The regulation certainly implies that supplemental security benefits will be included as social security benefits. The policy of HUD and thus the Housing Authority of including lump sum awards of SSI benefits as income cannot be said to be plainly erroneous or inconsistent with the regulation, and accordingly stands. *See Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).

■ The final argument raised by plaintiff in the case at bar relates to the inadequacy of the grievance procedures implemented and utilized by MRHA No. 5. Specifically, she challenges the action of the Board of Commissioners in reversing the favorable decision of the hearing panel without giving her prior notice or an opportunity to be heard, as inconsistent with the Housing Authority's own grievance procedures and/or as violative of her rights to procedural due process. *See Billington v. Underwood*, 613 F.2d 91, 93 (5th Cir.1980) (housing authority must follow its own procedures). Very little need be said on this issue. Under the HUD regulations, codified at 24 C.F.R. § 966.57, it is provided that the decision of the hearing panel is binding on the Housing Authority unless the Housing Authority's Board of Commissioners determines that, *inter alia*, "the

decision of the hearing officer or hearing panel is contrary to applicable Federal, State or local law [or] HUD regulations...." MRHA No. 5's Board of Commissioners' review of the hearing panel decision was based on its determination that the decision by the hearing panel in the case of Mary Flowers was contrary to HUD regulations, and specifically 24 C.F.R. § 913.106(b)(4). Thus, the review by the Board was not, as plaintiff contends, contrary to HUD regulations. Moreover, plaintiff's due process rights were not violated by the Board's failure to give her notice and an opportunity to be heard in view of 24 C.F.R. § 966.57(c) which provides that

a decision by the hearing officer, hearing panel, or Board of Commissioners in favor of the [Housing Authority] or which denies the relief requested by the complainant in whole or in part shall not constitute a waiver of, nor affect in any manner whatever, any rights the complainant may have to a trial *de novo* or judicial review in any judicial proceedings, which may thereafter be brought in the matter.

Thus, plaintiff is entitled to and in fact is before this court exercising her right to impartial review of the decision by the Board of Commissioners. She has not been prejudiced by its decision and has been given an opportunity to present any evidence which she deems relevant to establishing her case. Thus, the court must reject plaintiff's claim of an alleged due process violation by the actions of the Board.

Based on the foregoing, the court is of the opinion that plaintiff has failed to sustain her burden to prove her claims and that her complaint must be dismissed with prejudice.[4]

**3.** It is unclear whether this position, advanced by *plaintiff* in her pre-trial submissions to the court, remains her position. In argument to the court, plaintiff's counsel agreed that had plaintiff been given notice of HUD's change of policy regarding the treatment of lump sum SSI awards, the Housing Authority could properly treat the lump sum award at issue as income and assess rent on that amount. However, the

court will consider counsel's statements as argument only to which plaintiff is not bound.

**4.** The court observes that there was, at trial, much testimony devoted to an alleged failure by the Housing Authority to properly deduct, in its rental calculations, medical expenses incurred by Mrs. Flowers. Representatives of MRHA No. 5 acknowledged in their testimony that plain-

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.

tiff's documented medical expenses are in fact deductible and would have been deductible had plaintiff provided the proper documentation in support of the claimed expenses. That is, repre-sentatives of the Housing Authority agreed that should plaintiff submit to them the proper documentation, then the appropriate medical expense deductions will be made.