[638 NYS2d 229]

Dawn Rose et al., Appellants, v Elmira Housing Authority et al., Respondents.

Third Department, February 29, 1996

APPEARANCES OF COUNSEL

*Karen Gooderum,* Elmira, for appellants.

*J. William O'Brien, II,* Elmira, for Elmira Housing Authority, respondent.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrea Oser* and *Nancy A. Spiegel* of counsel), for Angelo Aponte, respondent.

## OPINION OF THE COURT

MIKOLL, J. P.

Plaintiffs are residents of the Jones Court and the Hawthorn Court State-aided housing projects located in the City of Elmira, Chemung County. These projects are owned and operated by defendant Elmira Housing Authority (hereinafter EHA). EHA determines the rents of individual tenants based on "income" as defined by regulation. As of 1974, EHA has assessed a retroactive rent surcharge on those tenants receiving lump-sum Social Security Disability (hereinafter SSD) or Supplemental Security Income (hereinafter SSI) payments because of delays in processing their respective SSI or SSD applications. EHA's records, reflecting the imposition of such retroactive rent surcharges, have been accepted by the Division of Housing and Community Renewal (hereinafter DHCR).

In July 1993, plaintiffs commenced an action against EHA, EHA's Executive Director and the Commissioner of DHCR requesting, *inter alia,* a declaration that EHA's practice of imposing the surcharge on SSI and SSD payments is contrary to low-rent housing regulations issued pursuant to the Public Housing Law. Subsequently, EHA commenced an action against two of the plaintiffs, requesting, *inter alia,* a declaration that its procedure of assessing the surcharge was not violative of regulations. Supreme Court's final order consolidated the two actions and treated the parties' motions to dismiss as motions for summary judgment. Supreme Court, insofar as is pertinent to this appeal, ruled that the lump-sum SSI and SSD payments were "income" as that term is defined in the regulations and made a declaration in favor of EHA. The court further directed EHA to recalculate each month's rent, rather than imposing a flat surcharge without regard to past rents paid. Plaintiffs appeal.

Plaintiffs' contention (with which DHCR joins) that Supreme Court erroneously concluded that the lump-sum SSI and SSD payments constitute "income", as that term is defined in the pertinent regulations, is meritorious. Supreme Court's order should therefore be modified as hereinafter provided.

Initially, we note that DHCR's argument that Supreme Court should have given deference to the Division's interpretation of its own regulations is not persuasive since judicial deference is generally accorded to an agency's interpretation of its own regulations when that interpretation is rational (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). Under the circumstances of this case in which DHCR's interpretation underwent a complete change during the course of the litigation, Supreme Court cannot be said to have improperly declined to defer to DHCR's second interpretation.

However, our review of the regulatory scheme leads to the conclusion that the lump-sum payments constitute lump-sum additions to assets which are excluded from income. EHA has the authority to set rents and rent schedules (such as the rent to be charged for a particular type of apartment) subject to DHCR's approval (*see*, Public Housing Law §§ 154, 156; 9 NYCRR 1627-5.1). DHCR has the authority and has established, via a detailed regulatory scheme, the components and methodology for calculating tenants' income against which those rents are assessed (*see*, Public Housing Law § 19; 9 NYCRR subpart 1627-2). However, neither the Public Housing Law nor the regulations specifically define whether SSI and SSD lump-sum payments are to be treated as "income" or as a "lump-sum addition to assets". "Income" is defined as: "that recurrent gain or benefit, measured in money which proceeds to a person from any source, although usually from his labor, business or property" (9 NYCRR 1627-2.3 [i]). This provision requires the SSI and SSD lump-sum payments to be recurring. A "lump-sum addition to assets" is defined as: "a nonrecurrent gain or benefit proceeding to a person; for example, payments on insurance claims, capital gains, settlements for personal or property losses and casual or irregular gifts. Such additions are not included in income" (9 NYCRR 1627-2.3 *[l]*). Although the tenants receive recurrent SSI and SSD payments once the applications are processed, the lump-sum awards representing the retroactive amounts due are nonrecurrent.

Significantly, treating such retroactive SSI and SSD payments as lump-sum additions to assets is consistent with the way the regulations treat retroactive pay increases which only serve to increase a tenant's income, and therefore rent, prospectively (*see*, 9 NYCRR 1627-2.6 [b] [4] [i]). Further, the regulation governing the effective date of rent changes for authorities following an interim rent adjustment policy, such as EHA, provides for a *prospective* rent increase (*see*, 9 NYCRR 1627-2.3 [f] [2]).

46

Treatment of the SSI and SSD retroactive payments as lump-sum additions to assets is also consistent with the current Federal scheme which excludes such payments from income. Federal regulations contain a similarly worded definition of "[l]ump-sum additions to [f]amily assets" which are excluded from income for the purposes of calculating rent (24 CFR 913.106 [c] [3]). Prior to 1984, lump-sum SSI payments were excluded from income (*see, Flowers v Smith*, 726 F Supp 141, 144, *affd* 891 F2d 903). In 1984, the Federal regulation was amended to expressly include as income "a lump-sum payment for the delayed start of a periodic payment", and was interpreted to include lump-sum SSI and SSD payments (24 CFR 913.106 [b] [4]; *see, Head v Jellico Hous. Auth.*, 870 F2d 1117, 1120-1121). However, this 1984 amendment was invalidated in 1992 (*see,* Housing and Community Development Act of 1992, § 103 [a] [1] [Pub L 102-550, 106 US Stat 3672, 3683], amending 42 USC § 1437a [b] [4]). DHCR asserts that it had overlooked this 1984 amendment in arriving at its first erroneous position in this dispute.

MERCURE, YESAWICH JR., PETERS and SPAIN, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant Elmira Housing Authority declaratory relief declaring that it may impose retroactive rent surcharges on lump-sum SSI and SSD payments; plaintiffs' request for declaratory relief is granted and it is declared that lump-sum retroactive SSI and SSD payments do not constitute "income" pursuant to 9 NYCRR 1627-2.3 (i); and, as so modified, affirmed.