In the Matter of Eugene W. Bergin, Respondent, v Office of Court Administration et al., Appellants.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered June 8, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Chief Administrator of the Courts denying petitioner's request for reimbursement of travel expenses.

In November 1982, petitioner, then a resident of Monroe County, was elected Justice of the Supreme Court for the Seventh Judicial District and was furnished chambers in the City of Rochester, Monroe County. Six years later, in the course of a divorce proceeding, petitioner entered into a settlement stipulation by the terms of which he relinquished his interest in his former marital residence in Monroe County and, in exchange, acquired sole title to the couple's summer home in Livingston County. Having taken up residence there, petitioner arranged with another Supreme Court Justice to share the latter's chambers in Livingston County, although petitioner remained assigned to, and maintained his original chambers in, Monroe County.

After moving to Livingston County, petitioner twice requested reimbursement for expenses occasioned by commuting between his home and his assigned duties in Monroe County. Denial of these requests prompted petitioner to initiate this CPLR article 78 proceeding to annul respondents' determination and to secure retroactive reimbursement of these expenses. Respondents answered, following which Supreme Court decided, *inter alia,* that respondents had acted arbitrarily and capriciously and granted the petition. Respondents appeal.

Judiciary Law § 222 states that, "[s]ubject to such rules and regulations as the chief administrator shall prescribe", a Supreme Court Justice is to be reimbursed for "actual and necessary" expenses incurred for transportation when performing judicial duties "outside the county wherein he is provided chambers" (Judiciary Law § 222 [a]). Charged with administering this statutory provision, respondent Chief Administrator of the Courts promulgated a rule which prescribes that reimbursement will not be available to a Justice who has moved outside the county after election, unless "the Chief Administrator of the Courts specifically approves" (22 NYCRR 102.5). This rule is not an impermissible abrogation of the statute's requirements, but consonant with them, for it limits repayment to those expenses necessarily incurred by reason of a Justice's job-related assignments.

Notwithstanding whether County Law § 218 (1) requires that petitioner be provided with chambers in Livingston County, the fact remains that he voluntarily departed from Monroe County. While the circumstances of the divorce apparently left him financially with few meaningful choices with regard to securing a residence in Monroe County, it cannot be said that petitioner was forced to live outside the county. Inasmuch as petitioner's travel expenses were not brought about by his work assignment, it was not unreasonable for respondent to view them as not being "necessary" within the meaning of the statute and therefore not reimbursable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.