OPINION OF THE COURT
David B. Saxe, J.
Petitioner operates the Keens Chophouse, an historic landmark restaurant on West 36th Street in Manhattan which from its inception in the 19th century was famous for its pipe club; 70,000 clay pipes hang from the ceiling of the restaurant. This proceeding challenges the respondents’ determination *496 that the restaurant is violating the "Smoke-Free Air Act” (Administrative Code of City of NY, tit 17, ch 5 [the Act]) by permitting smoking sections beyond the limited percentage of space delineated by the Act.
Section 17-503 (a) of the Act prohibits smoking in restaurants with an indoor seating capacity of more than 35 patrons (excluding seating at a restaurant bar at which only beverage service is offered), except that, with certain conditions inapplicable here, smoking is permitted (1) in an enclosed smoking lounge in which only beverage service is offered, (2) in the restaurant bar, if: (a) the perimeter of the bar is at least six feet from the perimeter of any indoor dining area, or the bar is separated from the indoor dining area by a solid floor-to-ceiling partition; (b) the smoking lounge and restaurant bar do not in the aggregate exceed 25% of the aggregate square footage of the areas of the restaurant offering public dining, beverage service and lounges; and (c) seating at tables in the restaurant bar at which food service is offered — excluding seating at a counter serviced by a bartender — is limited to 15% of the first 100 seats at tables where food service is offered, plus 10% of any remaining seats at tables where food service is offered.
The statute specifies that in making these calculations, "all spaces (whether or not occupied by furniture or any counter) in such public dining areas, beverage service areas and lounges shall be included; provided, however, that rooms used exclusively for private functions, service areas (including areas behind any counter) and other areas to which the general public does not generally have access (such as storage rooms, kitchens, offices and cloakrooms), restrooms, telephone areas and waiting areas (other than waiting areas located in any lounges) shall not be included” (Administrative Code § 17-503 [a] [5] [emphasis added]).
The Department of Health (DOH) inspector concluded that the upstairs dining area of the restaurant is a "room used exclusively for private functions” as described in the above-quoted portion of the Act, and its area was therefore left out when the inspector calculated the proportion of smoking and nonsmoking areas, and the proportionate number of seats assigned to smoking and nonsmoking spaces. The inspector concluded that the total area of the restaurant is 1,849.07 square feet, while the bar area in which smoking is permitted measures 720.37 square feet, exceeding the maximum 25% area allowed by the Smoke-Free Air Act. In addition, the inspector calculated that there were 70 seats observed in the *497 restaurant bar area which allow for eating, drinking, and smoking, out of a total seating capacity of 170, which again exceeds the maximum set by the Act.
Petitioner contends that in fact the total area of Keens Chophouse offering public dining, beverage services and lounges covers two floors and measures 5,048 square feet, while the area reserved for smoking measures 964 square feet, constituting only 19% of the aggregate square footage of Keens Chophouse — while the Act permits up to 25%. Furthermore, petitioner argues that the number of seats available for public dining totals 325 (172 on the first floor and 153 on the second floor). The restaurant also argues that the inspector was incorrect in the count of seats in the smoking area, by failing to exclude the 33 counter seats in the bar area, since under section 17-503 (a) (5) (C) (i) and (ii) the seats at the "counter in a restaurant bar serviced by a bartender” must be excluded. Since excluding the 33 bar stools leaves 37 smoking seats, out of the total of 325, petitioner concludes that the number of smoking seats complies with the Act; a smoking area of up to 15% of the first 100 seats, and 10% of the remaining 225 seats, is permitted, and applying that calculation to 325 seats permits 37 smoking seats (excluding the counter).
At the administrative hearing, according to the hearing transcript one of the DOH inspectors testified that the restaurant manager stated that the upstairs area was used only for private parties. However, the manager then testified that he repeatedly informed the inspectors that the upstairs dining area was sometimes used for public dining: (1) during the slow season, when the number of reservations called for it, and (2) during the sports seasons (at nearby Madison Square Garden), when they use the upstairs dining area often, approximately 150 times a year.
The respondent argues that the DOH determination should be left intact, suggesting that it was based upon a finding of credibility in favor of the inspector’s testimony to the effect that the area was used for private functions only, and a rejection of the testimony of the manager who stated to the contrary. Interestingly, however, in sustaining the inspector’s conclusion, the Hearing Examiner did not rely upon a credibility finding. He stated as follows: "Finally, Respondent’s *498 [i.e., Keens’] assertion that the 'upstairs’ area should not* have been included in the inspector’s calculation of space is not supported by statute or case law. Therefore, the 'smoking area’ exceeds 25% of restaurant.” Based upon the Hearing Examiner’s foregoing reasoning, it does not appear that in fact, he found the restaurant’s witnesses not credible. He did not reject the restaurant’s assertion as to how the upstairs dining area was used, but ruled as he did based upon his view of the law.
However, in my view, his understanding of the law is not supported by the language of the provision itself. The DOH would like to read the law as permitting an inspector to exclude for purposes of calculation public dining areas which are in limited or restricted use. But the statute provides no such thing. It contains very specific exclusions, including the one for rooms used solely for private functions. While certain types of areas are clearly demarcated to be excluded from total square footage for calculations, there is no exclusion for dining areas which are available only intermittently for public dining. Thus, as long as it is established that the area is not only used for private functions, but is sometimes used for public dining, that area is not excluded by the statute in order to arrive at the total square footage of the restaurant’s dining area.
An incorrect interpretation of a statutory provision or regulation results in a decision which clearly lacks a rational basis in the law, and as such it must be set aside (see, Matter of Howard v Wyman, 28 NY2d 434, rearg denied 29 NY2d 749). Therefore, to the extent the challenged determination of the respondent Department of Health concluded that the allotted smoking area of Keens Chophouse exceeded the limits of the Smoke-Free Air Act, that determination is set aside.

 The petitioner suggests, and respondent does not dispute, that the Hearing Examiner’s intended meaning would eliminate the word "not” in the sentence.