■ In the Matter of THOMAS ROSSI et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [670 NYS2d 904] —In a proceeding pursuant to CPLR article 78 to review the exclusion of Fire Marshals employed by the Bureau of Fire Investigations of the Fire Department of the City of New York from participation in the "Police Ride Program", implemented by the Metropolitan Transportation Authority and the Long Island Rail Road pursuant to Public Authorities Law § 1266 (14), the Metropolitan Transportation Authority and the Long Island Rail Road appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Price, J.), dated March 26, 1997, as directed them to include in the "Police Ride Program" all police officers employed by the City of New York, including the Chief and Deputy Fire Marshals, Supervising Fire Marshals, and the Fire Marshals of the Bureau of Fire Investigations of the Fire Department of the City of New York, and denied that branch of their motion which was to dismiss the proceeding insofar as asserted by Gregory A. Papa.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the proceeding insofar as asserted by the petitioner Gregory A. Papa is granted, the petition is denied, and the proceeding is dismissed on the merits.

The appellants Metropolitan Transportation Authority (hereinafter the MTA) and the Long Island Rail Road (hereinafter the LIRR), contend that the court improperly determined that the petitioner Gregory A. Papa, a Fire Marshal employed by the Bureau of Fire Investigations of the Fire Department of the City of New York, must be included in the "Public Ride Program" established and implemented by the MTA and the LIRR pursuant to Public Authorities Law § 1266 (14). We agree.

Public Authorities Law § 1266 (14) directs the MTA and the LIRR to "establish and implement a no fare program for transportation on the Long Island Rail Road for police officers employed by the city of New York" and various other municipalities. The statute does not define "police officers", but states that "[t]he [MTA] and the Long Island Rail Road shall also have the power to consider * * * matters necessary to carry out the goals and objectives of this section". In establishing and implementing the program, the MTA and the LIRR included only police officers of the police departments of the various municipalities enumerated in the statute.

The Supreme Court found that the appellants' determination to do so was "irrational", and that all police officers as defined in CPL 1.20 (34), including Fire Marshals (see, CPL 1.20 [34] [i]), must be included because "[a]ll police officers in the State of New York derive their official status from the provision of section 1.20 (34) of the Criminal Procedure Law". The Supreme Court cited no authority for this proposition, and none exists. In fact, the definitions contained in CPL 1.20 are expressly stated to be "Definitions or terms of general use *in this chapter* [emphasis added]", referring to the Criminal Procedure Law (CPL 1.00). Public Authorities Law is a different chapter of the consolidated laws. Furthermore, if the Legislature had intended that the term "police officer" as used in Public Authorities Law § 1266 (14) be defined as in CPL 1.20 (34), it could have said so (*see, e.g.,* Education Law § 668-a [1]; Executive Law § 835 [7-a]). If it intended some other definition, it could have specified it (*see, e.g.,* Civil Service Law § 58; Executive Law § 835 [7]). Since the Legislature failed to define the term, the MTA and the LIRR were empowered to define the term, and contrary to the Supreme Court's determination, their

definition was not irrational, and should, therefore, be upheld (*see, Matter of Rodriguez v Perales*, 86 NY2d 361, 367; *Matter of Howard v Wyman*, 28 NY2d 434). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.