(February 4, 2003)

■ In the Matter of JUANA DIAZ, Petitioner, v BRIAN J. WING et al., Respondents. [755 NYS2d 34] —Determination of respondent New York State Department of Temporary and Disability Assistance, dated February 14, 2001, which upheld the decision, rendered after a fair hearing, of the New York City Department of Social Services, finding that petitioner was ineligible for public assistance benefits, unanimously annulled, on the law, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered on or about October 3, 2001), granted.

In the summer of 2000, petitioner, Juana Diaz, the mother of three children, ages 8, 17 and 19, received public assistance, medical assistance and food stamp benefits from the New York City Department of Social Services (hereinafter the municipal respondent). During that period, petitioner's 17-year-old daughter was employed while a full-time student. The following November, the municipal respondent discovered petitioner's name on the Department of Taxation's State Wage Reporting System, from which the municipal respondent is statutorily authorized to obtain information about earned income. If this Reporting System generates wage information that may affect an individual's public assistance eligibility, the individual must verify or explain the information. The State Wage Reporting System's report indicated that petitioner's 17-year-old daughter had an income. Consequently, the municipal respondent sent petitioner a "Request for Information About Earned Income" form to be completed and returned by December 9, 2000. The Request states that failing to return the form by the specified date may affect continued receipt of benefits. Petitioner failed to return the Request, and, in a notice dated Janu-

ary 10, 2001, the municipal respondent informed petitioner that her benefits were discontinued.

On February 12, 2001, the respondent state agency held a fair hearing before an administrative law judge (ALJ) upon petitioner's appeal of the municipal respondent's determination. Petitioner was represented at the hearing by a community specialist for a community organization providing assistance to her. Petitioner testified that her daughter, who was back in school, was no longer working. In addition, petitioner explained that she forgot to return the Request for Information because she "forget[s] everything" and "suffer[s] from anxiety." Petitioner's representative submitted medical documentation substantiating petitioner's condition. The medical report indicates that petitioner was diagnosed with major depression and was taking two kinds of medication daily for her condition. In addition, the report states that petitioner is "easily over-whelmed," suffered a "recent relapse of depressive symptoms," and was "presently acutely depressed and dysfunctional." Petitioner's representative explained that she did not return the form because she is "medically unfit" and that his organization was trying to help her.

The ALJ determined that petitioner's reason for failing to return the questionnaire did not constitute "good cause," as defined by state regulation, to exempt her from complying with the eligibility requirement of returning the Request for Information About Earned Income. Accordingly, the ALJ upheld the municipal respondent's determination that petitioner was ineligible for public assistance, medical assistance and food stamp benefits.

It is well settled that "in order to annul an administrative determination made after a * * * hearing a court must be satisfied, after reviewing the record as a whole, that the record lacks substantial evidence to support the determination" (*Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *accord Matter of Berenhaus v Ward*, 70 NY2d 436, 442-443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]; *see also* CPLR 7803 [4]). The question here is whether there exists "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc.*, 45 NY2d at 180) to uphold the ALJ's determination that petitioner did not have "good cause" for failing to return the Request for Information About Earned Income. Upon our review of the record, we find no basis to support the ALJ's determination.

The New York regulations (18 NYCRR 351.26) provide in

relevant part that: "(a) An applicant for or recipient of public assistance is exempt from complying with any requirement concerning eligibility for public assistance if the applicant or recipient establishes that good cause exists for failing to comply with the requirement. * * * [G]ood cause for failure to comply with an eligibility requirement exists when: (1) the applicant * * * has a physical or mental condition which prevents compliance."

In view of the specific medical documentation and testimony adduced at the hearing, and the lack of any evidence to the contrary, the ALJ's determination that petitioner did not have good cause, that is, a mental condition, is not supported by any facts or reasonable inferences that can be drawn from the record. We reject the state respondent's contention that depression is not a "mental condition" as defined by the regulations. The Diagnostic and Statistical Manual of Mental Disorders (DSM-IV, at 320 [4th ed]) states that the essential feature of a major depressive episode is a period of at least two weeks during which there is either a depressed mood or the loss of interest or pleasure in nearly all activities. In addition, the individual experiences at least four other standard symptoms which include decreased energy and difficulty in thinking, concentrating or making decisions (*id.*). The state regulation expressly includes "mental condition," a category in which depression, and particularly "acute" depression, clearly falls. The state respondent's contention that the regulation should be narrowly interpreted is irrational and contrary to its plain meaning (*cf. Howard v Wyman*, 28 NY2d 434, 438 [1971]).

Regrettably, this is not the first time we have found that an administrative agency, in the context of its mission to assist genuinely disadvantaged and disabled people, has used a person's incapacity against her (*see e.g. Matter of Padilla v Martinez*, 300 AD2d 96 [2002] [clear from record that petitioner was incapable of representing herself adequately and equally clear that she was prejudiced by the Housing Authority's exploitation of her mental incapacity]). Moreover, we have recently had the occasion to recognize that although "our review powers are severely restricted with respect to an administrative agency determination, we are nevertheless charged with insuring that an agency meet the very minimal evidentiary requirement necessary to uphold its determination" (*Matter of Scully v Safir*, 282 AD2d 305, 308 [2001]). Under no view of the evidence can this administrative determination be upheld. This is that "rare case that utterly fails to satisfy the substantial evidence standard" (*id.*). Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Marlow, JJ.