Judgment, Supreme Court, New York County (Joan B. Lobis, *485 J.), entered April 15, 2013, annulling respondent’s determination, dated April 11, 2012, which denied petitioner’s application to renew his pedicab business license, and remanding the matter, brought pursuant to CPLR article 78, for further proceedings, unanimously reversed, on the law, without costs, the judgment vacated and, the petition denied.
Supreme Court incorrectly concluded that respondent’s denial of petitioner’s license renewal application on the ground that his mother-in-law, who owned a similar pedicab business, was his “family member” within the meaning of the governing statute was without a reasonable basis in the law and, therefore, arbitrary and capricious (see Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]). The statute defines family member as “a member of the immediate family, including, but not limited to, a spouse, domestic partner, sibling, child, grandchild, parent or grandparent” (Administrative Code of City of NY § 20-249 [a]). Since the “including but not limited to” language grants respondent New York City Department of Consumer Affairs, the agency administering the statute, some discretion in deciding whether it applies, the reviewing court’s function is limited to whether the agency’s construction “has warrant in the record and a reasonable basis in law” (see Howard, 28 NY2d at 438 [internal quotation marks omitted]). The agency’s determination that a mother-in-law is sufficiently comparable to a parent (i.e., mother), to qualify as an immediate family member for purposes of the statute is supported by the record and has a reasonable basis in law (see Uhlfelder v Weinshall, 47 AD3d 169, 177 [1st Dept 2007]). Based on the foregoing standard of review, the agency’s construction of the term “family member” as including mothers-in-law was neither irrational nor unreasonable and should have been upheld on that basis (see Howard, 28 NY2d at 438).
In view of our decision, we do not reach respondent’s remaining argument. Concur — Gonzalez, EJ., Mazzarelli, Renwick, Feinman and Gische, JJ. [Prior Case History: 2013 NY Slip Op 30695(U).]